**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------

PHIL MCCALLEY, on behalf of himself :
and all others similarly situated, :
                                 Plaintiff,         :     Civil Action No. 07-2141 (JAG)

                                    v.                 :              **OPINION**

SAMSUNG ELECTRONICS AMERICA, :
INC. and SAMSUNG ELECTRONICS CO. :
LTD., :
                            Defendants.      :

---------------------------------------------

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions of Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., LTD (collectively "Defendants" or "Samsung"), to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, Defendants' motions are granted in part, and denied in part.

**I. FACTUAL BACKGROUND**

Plaintiff Phil McCalley ("Plaintiff") brings this class action, on behalf of himself and others similarly situated, alleging that Samsung's HL-R or HL-S Series Rear Projection Televisions (the "Televisions") contain a "characteristic and inherent defect in a component known as the Light Tunnel (the "Defect")." (Compl. ¶ 4.) Plaintiff alleges that "[h]e purchased

1

a Television containing the Defect, which has now manifested, creating a Shadow on his Television screen." (Id. at ¶ 6.) Specifically, Plaintiff claims that "the Shadow[][1] renders part of the Television screen a significantly darker shade th[an] the rest of the screen, virtually eliminating the ability to view a program in the affected region of the Television." (Id. at ¶ 12.) Plaintiff states that the Shadow most often begins to manifest after the expiration of the one-year warranty period. (Id. at ¶ 6.) As a result, Plaintiff alleges that Samsung has "refused to repair [the Televisions] under warranty for consumers who have discovered the Defect" after the written warranty expires (id. at ¶ 16), and "disclaims any and all liability for the Defect, leaving the consumer to bear the cost of this expensive repair. . . . "[2] (id. at 14).

Finally, Plaintiff alleges that Samsung knew or should have known of the Defect, failed to disclose the existence of the Defect to consumers, and made affirmative misrepresentations regarding the picture quality on the Televisions. (Id. at ¶¶ 4, 5, 11, 13, 16, and 17.)

Plaintiff alleges that a class action is appropriate because: (1) "the aggregate claims of the Class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between the proposed class members and defendants" (id. at ¶ 2); (2) "[t]he Class is composed of no fewer than tens of thousands of persons nationwide," the joinder of which would be "impracticable"

---

[1] "The Shadow is believed to be caused by a manufacturing defect in the Televisions' 'Light Tunnel,' in which mirrors are insufficiently secured to the apparatus resulting in a partial blockage of the light path. The Light Tunnel is a component within the larger 'Light Engine,' which is the principal video component that causes the video signal to be displayed as a picture on the viewing screen. The Defect in the Light Tunnel requires the replacement of the entire Light Engine, among[] the most expensive components in the Televisions, at a cost of more than $1,000.00." (Id. at ¶ 13.)

[2] Plaintiff also claims to have "demanded a warranty repair from Samsung, [and that] Samsung refused to honor its warranty." (Id. at 6.)

(id. at ¶ 20); (3) "Plaintiff's claims are typical of the claims of the Class, and [P]laintiff has no interests adverse to the interest of other members of the Class" (id. at ¶ 21); (4) the "questions of law and fact [raised] are common to all Class members[, and] predominate over questions that arise on an individual basis. . . . " (id. at ¶ 22); and (5) "[a] class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted" (id. at ¶ 24).

## II.  STANDARD OF REVIEW

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Motions to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time. See 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[1] (3d ed. 2007). Rule 12(b)(1) challenges are either facial or factual attacks. See id. at § 12.30[4]. "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. However, "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (stating that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). In short, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891; see also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). "The [trial] [c]ourt must be careful, however, not to allow its consideration of jurisdiction to spill over into a

3

determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction." Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist," Mortensen, 549 F.2d at 891, and must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation, Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by Liquid Dynamics Corp. v. Vaughan Co., Inc., 355 F.3d 1361, 1370 (Fed. Cir. 2004).

**B. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993)

(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice &

5

Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"[3] Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(d).

### III.  DISCUSSION

**A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

*1. Magnuson-Moss Warranty Act*

Defendants argue that Count III of Plaintiff's Complaint, alleging a cause of action pursuant to the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 - 2312, should be dismissed "because [Plaintiff] does not identify the requisite 100 named plaintiffs for such an action."  (Defs.' Br. in Supp. of Mot. to Dismiss 13.)  Plaintiff claims that "courts have repeatedly held that [the Class Action Fairness Act of 2005 ("CAFA")] confers federal court

---

[3] Defendants submitted: (1) messages that Plaintiff posted to the internet regarding the Television, (2) two reviews about the Television written by Steve Kindig and Kevin Miller, and (3) the Samsung Color Television & Projection Television Limited Warranty to Original Purchaser ("Limited Warranty").  (See Defs.' Br. in Supp. of Mot. to Dismiss Exs. A - C; Decl. of Jeonghwan On Ex. 1.)  The Limited Warranty is integral to the claims in Count IV of Plaintiff's Complaint, and are referenced explicitly therein.  This Court will consider the Limited Warranty in resolving the pending motion.

The information found in the internet postings and product reviews, however, constitutes evidence outside the pleadings.  See Thompson v. Princeton Univ., No. 05-314, 2005 U.S. Dist. LEXIS 18421, *6 (D.N.J. Aug. 24, 2005).  This Court will not consider these documents.

jurisdiction over [MMWA] claims contained within class action complaints, even if the claims do not meet [MMWA's] own requirements for federal court jurisdiction." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss 9.)

>Sections 2310(d)(1) and (3) of the Magnuson-Moss Warranty Act provide that
>
>[s]ubject to subsections (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title [15 USCS §§ 2301 et seq.], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief-- (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection. . . .
>
> . . . . [] No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection--(A) if the amount in controversy of any individual claim is less than the sum or value of $ 25; (B) if the amount in controversy is less than the sum or value of $ 50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) <u>if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.</u>

15 U.S.C. §§ 2310(d)(1) and (3) (emphasis added).

"It is clear that jurisdictional requisites of 15 U.S.C. § 2310(d)(3) must be met when a suit is brought as an original action in federal court." <u>Brummet v. Skyline Corp.</u>, No. 81-103, 1984 U.S. Dist. LEXIS 17702, *3 (W.D. Ky. Apr. 11, 1984) (citing <u>Barr v. Gen. Motors Corp.</u>, 80 F.R.D. 136 (S.D. Ohio 1978)). However, § 1332(d)(2) of CAFA also creates an alternative basis for federal jurisdiction over the MMWA claim. <u>McGhee v. Cont'l Tire N. Am., Inc.</u>, No. 06-6234, 2007 U.S. Dist. LEXIS 62869, *8 (D.N.J. Aug. 27, 2007).

>In reconciling CAFA with the MMWA, <u>Chavis[ v. Fidelity Warranty Services, Inc.</u>, 415 F. Supp. 2d 620, 626 (D.S.C. 2006)] noted that a firmly embedded principle of statutory construction requires courts to presume that Congress enacts legislation with knowledge of existing law and, consequently, that the newly-enacted statute is harmonious with the existing law. <u>Chavis</u> reasoned that Congress must have been aware of MMWA's limited jurisdictional provisions and intended to expand them

> with CAFA. Chavis concluded that this interpretation was logical in light of the fact that CAFA's legislative history clearly indicates the congressional intent to expand federal jurisdiction over class actions.

Id.

"CAFA requires that the class members' aggregate claims exceed $ 5,000,000" id. at *9, and that minimal diversity exists between the parties, 28 U.S.C. § 1332(d)(2)(A)-(C). Similarly, a plaintiff must satisfy the requirements set forth in FED. R. CIV. P. 23. Brummett, 1984 U.S. Dist. LEXIS 17702, at *6 (citing FED. R. CIV. P. 23 (stating as prerequisites to class actions: "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.")).

Plaintiff sufficiently alleges the requirements, pursuant to FED. R. CIV. P. 23 and CAFA. (See Compl. ¶ 2) ("[T]he aggregate claims of the Class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between the proposed class members and defendants."); (see also id. at ¶¶ 1, 6, 7, 8) (showing that Plaintiff and Defendants are citizens of different states); (id. at ¶ 20) ("The Class is composed of no fewer than tens of thousands of persons nationwide," the joinder of which would be "impracticable."); (id. at ¶ 21) ("Plaintiff's claims are typical of the claims of the Class, and [P]laintiff has no interests adverse to the interest of other members of the Class."); (id. at ¶ 22) (The "questions of law and fact [raised] are common to all Class members[, and] predominate over questions that arise on an individual basis. . . . "); (id. at ¶ 24) ("A class action is superior to other methods for the fair and efficient

adjudication of the claims herein asserted.").

Therefore, "although [P]laintiff[] cannot satisfy the Magnuson-Moss jurisdictional requirements because [he] does not have 100 named plaintiffs, th[is] [C]ourt has jurisdiction based on [P]laintiff['s] allegations of federal jurisdiction under CAFA." Brothers v. Hewlett-Packard Co., No. 06-2254, 2007 U.S. Dist. LEXIS 13155, *28 (N.D. Cal. Feb. 12, 2007).

*2. Plaintiff's Other Claims Are Not Moot*

Defendants also argue that Plaintiff's "claims have been mooted by his voluntarily seeking and accepting a complete repair of his television at Samsung's expense." (Defs.' Br. in Supp. of Mot. to Dismiss 13.) Plaintiff disputes Defendants' position and claims that Samsung credited the money Plaintiff paid for repairs to his Television, without Plaintiff's knowledge, after Plaintiff filed this Complaint. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss 9.)

> Here, [D]efendants attack subject matter jurisdiction 'in fact,' meaning they dispute the existence of certain jurisdictional facts alleged by [P]laintiff[]. When a defendant attacks subject matter jurisdiction 'in fact,' as opposed to an attack on the allegations on the face of the complaint, the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case.

Carpet Group Int'l, 227 F.3d at 69 (citing Mortensen, 549 F.2d at 891). This Court finds that Plaintiff has met his burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891.

Defendants claim that because Plaintiff accepted a complete and free repair to his Television, no case or controversy exists. (Defs.' Br. in Supp. of Mot. to Dismiss 14.) However, Defendants state nothing more. While Plaintiff has the burden of proving that jurisdiction in fact exists, Defendants have provided this Court with no basis for their motion to dismiss for lack of subject matter jurisdiction.

Plaintiff, on the other hand, alleges that "[a]lthough he has demanded a warranty repair

9

from Samsung, Samsung has refused to honor its warranty." (Compl. ¶ 6.) Plaintiff states that he paid $913.24 for repairs to the Television, after receiving a 25% discount from Defendants for the cost of replacement parts. (Decl. of Plaintiff Phil McCalley ¶¶ 5, 8.) Therefore, Plaintiff claims that he did not voluntarily accept a complete repair at Samsung's expense. (Id. at ¶ 4.) Instead, Plaintiff alleges that after he filed this lawsuit, Samsung "credited the amount [he] had already paid for the repair directly into [his] account without [his] knowledge or consent." (Id. at ¶ 5.) Plaintiff states that "[t]o this day, the only communication I have had with Samsung . . . were with the express understanding of all parties that Samsung would pay 25% of the price of the parts and I would pay for the rest." (Id. at ¶ 9.)

This Court finds that Plaintiff has alleged sufficient facts to withstand Defendants' motion to dismiss for lack of subject matter jurisdiction.

**B. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

*1. Breach of Express and Implied Warranties*

Defendants argue that Plaintiff's breach of warranty claims fail because Plaintiff "does not plead that he needed, requested, and was refused a repair during the warranty period. . . ." (Def.'s Br. in Supp. of Mot. to Dismiss 7). Plaintiff, on the other hand, claims that he states a claim for breach of warranty because the Complaint alleges "that the characteristic and inherent Light Tunnel Defect [] is contained in every one of the Televisions at the time of delivery. . . ." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss 13.)

Plaintiff's express and implied warranty claims fall outside of the relevant warranty period. The warranty states, in relevant part,

> This SAMSUNG brand product, as supplied and distributed by SAMSUNG and

10

>delivered new, in the original carton to the original consumer purchaser is warranted by SAMSUNG against manufacturing defects in materials and workmanship for a limited warranty period of . . . . Projection Television: One (1) Year Parts and Labor, including Picture Tubes (CRT). . . .
>
>. . . . This limited warranty begins on the original date of purchase. . . .
>
>. . . . SAMSUNG does not warrant uninterrupted or error-free operation of the product.
>
>THERE ARE NO EXPRESS WARRANTIES OTHER THAN THOSE LISTED AND DESCRIBED ABOVE, AND NO WARRANTIES WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, SHALL APPLY AFTER THE EXPRESS WARRANTY PERIODS STATED ABOVE, AND NO OTHER EXPRESS WARRANTY OR GUARANTY GIVEN BY ANY PERSON, FIRM OR CORPORATION WITH RESPECT TO THIS PRODUCT SHALL BE BINDING ON SAMSUNG.

(Decl. of JeongHwan On Ex. 1.) This warranty clearly provides coverage for one year following the date of purchase, and disclaims additional warranties, including the implied warranties of merchantability and fitness for a particular purpose, according to the requirements expressed in § 12A:2-316 of the Uniform Commercial Code ("UCC"). See N.J. Stat. Ann. § 12A:2-316(2) ("Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous."). Similarly, the warranty applies explicitly the limited one-year duration to both the express and implied warranties. N.J. STAT. ANN § 12A:2-317 ("Warranties whether express or implied shall be construed as consistent with each other . . . .").

"The general rule[4] [pertaining to warranties] is that an express warranty does not cover

---

[4] Some courts recognize an exception to this general rule for claims alleging that the express warranty is unconscionable. See, e.g., Bussian v. DaimlerChrysler Corp., 411 F. Supp.

11

repairs made after the applicable time . . . periods have elapsed." Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 250 (2d Cir. 1986). Similarly, "[t]he Third Circuit has held that a defect which is not discovered until after the expiration of the express warranty period is not actionable. . . . " Ne. Power Co. v. Balcke-Durr, Inc., No. 97-4836, 1999 U.S. Dist. LEXIS 13437, *14 (E.D. Pa. Aug. 20, 1999) (citing Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 616 (3d Cir. 1995)). "The case law almost uniformly holds that time-limited warranties do not protect buyers against hidden defects which are typically not discovered until after the expiration of the warranty period." Id.

Plaintiff alleges that the Televisions tend to malfunction after the expiration of Samsung's one-year express warranty. (See Compl. ¶ 3) (stating that Samsung "has refused to repair [the Televisions] under warranty for consumers who have discovered the Defect after the expiration of the one year warranty period when the Shadow most often begins to manifest.") (emphasis added). Therefore, Plaintiff's breach of express warranty claim fails.

In addition, Plaintiff's breach of implied warranty claim fails because the duration of the implied warranty period is consistent with the express warranty period, or in other words one year. N.J. STAT. ANN § 12A:2-317. Therefore, "at the time [that Plaintiff's Television malfunctioned], no warranty was any longer in effect." N.J. Transit Corp. v. Harsco, 497 F.3d 323, 330 (3d Cir. 2007) (holding that the petitioner could not "rely on the implied warranties of merchantability and fitness for a particular purpose to recover damages, where the contract's one-

---

2d 614, 622, 2005 U.S. Dist. LEXIS 39791, *20 (M.D.N.C. 2005) adopted by, 411 F. Supp. 2d 614, 2006 U.S. Dist. LEXIS 3634 (M.D.N.C. 2006) (holding that the plaintiff "sufficiently pled unconscionability to state a claim for breach of express warranties" and denying the defendants' motion to dismiss); Carlson v. Gen. Motors Corp., 883 F.2d 287, 296 (4th Cir. 1989) (same). However, Plaintiff has not made such a claim, and this Court will not imply one.

year express warranty had expired at the time of the loss.").[5]

*2. New Jersey Consumer Fraud Act*

The New Jersey Consumer Fraud Act ("NJCFA") protects consumers against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . . of any merchandise . . . . " N.J. STAT. ANN. § 56:8-2.  The Act is worded in the disjunctive, and requires only that Plaintiff allege that Defendants committed one of the prohibited practices to allege a cause of action.  See Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).

In order to establish a NJCFA claim, a "plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." Solo v. Bed Bath & Beyond, Inc. No. 06-1908, 2007 U.S. Dist. LEXIS 31088, *6 (D.N.J. Apr. 26, 2007) (citing N.J. Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 176 (N.J.

---

[5] Plaintiff's claim, pursuant to the MMWA, also fails.  The MMWA provides that "a consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligation under this title, or under a written warranty, implied warranty . . . may bring suit for damages and other legal and equitable relief. . . . " 15 U.S.C. § 2310(d)(1).  This claim depends on the disposition of the state law breach of warranty claims.  Prousi v. Cruisers Div. Of KCS Int'l, Inc., 975 F. Supp. 768, 772 n.3 (E.D. Pa. 1997) ("As for the Magnuson-Moss claims, the governing law issue has not been addressed in this circuit.  The issue has, however, been addressed by the Second, Fourth, and D.C. Circuits, which have all persuasively concluded that state law governs warranty claims brought under the Magnuson-Moss Act except when explicitly modified by the Act's minimum standards.") (citations omitted).  This Court has held that Plaintiff's common law breach of warranty claims must be dismissed.  Therefore, Plaintiff's MMWA claim must also be dismissed.

Super. Ct. App. Div. 2003)). "The unlawful practices prohibited by the [NJ]CFA fall into three general categories: (1) affirmative acts; (2) knowing omissions; and (3) regulatory violations." Id. (citing Cox, 647 A.2d at 462). Plaintiff alleges that Samsung made both affirmative misrepresentations and knowing omissions.[6] (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss 17.)

"An affirmative misrepresentation under the NJCFA is 'one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase.'" Bianchi v. Lazy Days R.V. Ctr., Inc. No. 06-1979, 2007 U.S. Dist. LEXIS 48605, *9-10 (D.N.J. July 5, 2007) (quoting Mango v. Pierce-Coombs, 851 A.2d 62, 69 (N.J. Super. Ct. App. Div. 2004)). "When the alleged consumer-fraud violation consists of an affirmative act, intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act." Cox, 647 A.2d at 462. On the other hand, "when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent *is* an essential element of the fraud." Id. (emphasis in original).

In the case sub judice, Plaintiff has alleged sufficiently a NJCFA violation consisting of affirmative misrepresentations and omissions. First, Plaintiff alleges that Samsung engaged in unlawful conduct by marketing the Televisions as providing superior quality when the Televisions contained a known defect. (Compl. ¶ 5) (stating that "Samsung has perpetuated a consumer fraud upon unsuspecting consumers [because] Samsung marketed these Televisions as high-end videophile devices, with a high definition picture far superior to that provided by a

---

[6] To the extent that Plaintiff attempts to state a breach of warranty claim under the NJCFA, such a claim fails for the same reasons enunciated supra Section III.B.1.

14

standard television. . . . In fact, however the Defect contained in the Televisions, and the Shadow which it causes to appear on the screen, severely impair their value to the consumers."); (id. at ¶ 17) (stating that "[d]espite its knowledge of the Defect . . . Samsung has continued to misrepresent to consumers that the Televisions provide excellent video quality. . . . ")  Similarly, Plaintiff alleges that Samsung knowingly failed to disclose the Defect in order to secure the sale of the Televisions.  (Id. at ¶ 11) ("Samsung offers its Televisions to capitalize on this market. . . . What Samsung omitted to disclose however, was the fact that the Televisions were known to produce the Shadow along the edge of the television screen. . . . These omissions of material fact and false claims have allowed Samsung to command premium prices for these Televisions."); (id. at ¶ 13) ("Samsung knew or should have known of this defect in the Light Tunnel, and the Shadow which consumers would experience as a result, but omitted to disclose this defect in connection with their marketing and sale.")

Second, "a plaintiff must demonstrate an 'ascertainable loss,' defined as 'a cognizable and calculable claim of loss due to the alleged [NJ]CFA violation.'  Ascertainable loss includes more than a monetary loss, and may occur 'when a consumer receives less than what was promised.'" Solo, 2007 U.S. Dist. LEXIS 31088, at *7-8 (citing Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 790-793 (N.J. 2005)).  "In cases involving alleged misrepresentation . . . 'either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle.'" Id. (citing Thiedemann, 872 A.2d at 792).  Plaintiff adequately alleges an ascertainable loss, stating:

> Consumer's [sic] experiences with these Televisions have been completely contrary to what was explicitly represented by Samsung.  Consumers have been dismayed to find that the Televisions display not the clear, color accurate picture which they have

15

> paid . . . for, but rather display what have come to be known as the Shadow, which renders part of the Television screen a significantly darker shade th[an] the rest of the screen, virtually eliminating the ability to view a program in the affected region of the Television. This Shadow greatly interferes with the viewing of the video program, and renders the Televisions unsuitable for their intended purpose. . . .
>
> . . . .
>
> . . . . Consumers have been forced to spend well over $1,000.00 for replacement Light Engines, and incurred other expenses in transporting their Televisions - which weighs [sic] approximately 125 lbs. - to repair facilities.

(Compl. ¶¶ 12, 16.)

Finally, Plaintiff establishes a "causal relationship between the unlawful practice and the 'ascertainable loss.'" Solo, 2007 U.S. Dist. LEXIS 31088, at *11. Plaintiff claims that had the alleged Defect been disclosed, consumers would not have purchased the Televisions. (Compl. ¶ 17); see also Solo, 2007 U.S. Dist. LEXIS 31088, at *12 (stating an adequate explanation of the causal relationship between the unlawful practice and ascertainable loss "would include a statement by Plaintiff indicating . . . that Plaintiff would not have purchased the [product] had" Defendant identified the defect). Therefore, Plaintiff has alleged sufficiently a violation of the NJCFA consisting of affirmative misrepresentations and omissions.

*3. Unfair and Deceptive Acts and Practices Claims*

Next, Plaintiff alleges violations of the unfair and deceptive acts and practices statutes of forty-four states and the District of Columbia. (Compl. ¶¶ 33-78.) Defendants argue that dismissal of these claims is warranted because Plaintiff does not "go [through] the trouble of elaborating how each of these statutes, with their many variations, would apply to [Plaintiff's] factual allegations." (Defs.' Br. in Supp. of Mot. to Dismiss 12.) Plaintiff fails to address this issue in his opposition. (See generally, Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss.)

16

This Court agrees with Samsung. Plaintiff has not pled sufficiently this cause of action. As the Supreme Court explained in Twombly,

> [w]hile a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

127 S. Ct. at 1964-65 (emphasis in original). Here, Plaintiff fails to allege even the elements of the various statutes, or facts permitting this Court to draw inferences that the elements exist. Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990) ("The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'")). Therefore, Count II of Plaintiff's Complaint must be dismissed.

*4. Unjust Enrichment*

Finally, Defendants argue that Plaintiff's unjust enrichment claim should be dismissed because Plaintiff received that for which he bargained. (Defs.' Br. in Supp. of Mot. to Dismiss 12.) Plaintiff claims that the unjust enrichment claim is viable because the money paid for the allegedly defective Television was "an unfair exchange that unjustly enriched Defendants." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss 22-23 n.7.)

To establish a claim under the quasi-contractual theory of unjust enrichment, a plaintiff must show: "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." Wanaque Borough Sewerage Auth. v. Twp. of West Milford, 677 A.2d 747 (N.J. 1996) (citations omitted). "The unjust enrichment

doctrine [also] requires that [a] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 554 (N.J. 1994).

Plaintiff has alleged that he and other members of the class paid $4,000 or more for the Televisions based on Samsung's representations that the "Televisions [were] high-end videophile devices, with a high definition picture far superior to that provided by a standard television." (Compl. ¶ 5.) However, Plaintiff has not alleged any facts indicating that he expected remuneration from Samsung at the time of purchase, or that the failure of remuneration enriched Samsung beyond its contractual rights. (See generally, Compl.); see also VRG Corp., 641 A.2d at 554. Plaintiff's unjust enrichment claim must be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the motion of Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., LTD, to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), is granted in part, and denied in part.


Date: March 31, 2008

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.