NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| IN RE SAMSUNG DLP TELEVISION | : | Civ. No. 07-2141 (GEB) |
| CLASS ACTION LITIGATION | : | **MEMORANDUM OPINION** |
|  | : |  |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Defendants Samsung Electronics America, Inc. and Samsung Electronics Co. Ltd. (collectively "Samsung") to dismiss the amended consolidated class action complaint filed by Plaintiffs Phil McCalley, David Jinks, Jossef Goldberg, George Menendez, Paul C. Giachetti, Chad Owens, Chris Choi, Walter J. Bertram, Jr., Doug Dowden, and Seth Pascale (collectively "Plaintiffs") on behalf of themselves and all others similarly situated.  [Docket # 57]  The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Samsung's motion will be granted in part and denied in part.

**I.    BACKGROUND**

On May 7, 2007, Plaintiff Phil McCalley ("McCalley") filed the initial consolidated class action complaint (the "initial complaint") against Samsung that commenced this action.[1]  [# 1] The initial complaint contained the following pertinent factual allegations.  McCalley purchased an expensive high definition television (the "HDTV") manufactured by Samsung and paid a

---

[1] McCalley is a citizen of Florida.  [# 1 at 2.]  The initial complaint alleged that federal subject-matter jurisdiction was proper pursuant to 28 U.S.C. § 1332(d), and that venue in this Court was proper because Defendant Samsung Electronics America, Inc. maintains its headquarters in Ridgefield Park, New Jersey.  Neither federal jurisdiction nor the appropriateness of venue are at issue in the present motion.

premium for the HDTV because he sought "the ability to enjoy the high quality picture such television sets offer." [# 1 at ¶¶ 10-18.] Samsung expressly warranted the HDTV for one year. [#1 at ¶¶ 14, 15.] After the one-year warranty period expired, a manufacturing defect in the HDTV's "Light Tunnel" manifested and caused a "Shadow" to appear on the screen. [#1 at ¶¶ 12, 13.] The Shadow interfered with McCalley's viewing experience and rendered his HDTV unsuitable for its intended purpose. [#1 at ¶ 12.] McCalley alleged that Samsung "knew or should have known" of the manufacturing defect in the Light Tunnel but "omitted" to disclose this information to him and other customers. [#1 at ¶¶16, 17.] Further, McCalley alleged that after the one-year warranty on the HDTV expired, Samsung disclaimed liability for the defect and required customers to pay for costly repairs to the Light Tunnel. [#1 at 14.] Based upon the foregoing factual allegations, the initial complaint levied the following six causes of action against Samsung: (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. ("NJCFA"); (2) unfair and deceptive acts and practices under the laws of various states; (3) violation of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq*. (the "MMA"); (4) breach of express warranty; (5) breach of implied warranty; (6) unjust enrichment. [# 1 at p. 8-17.]

On August 10, 2007, Samsung moved to dismiss McCalley's initial complaint in its entirety on various grounds. [# 11] On March 31, 2008, United States District Judge Joseph A. Greenaway, Jr., then presiding over this case, issued a memorandum opinion and order that granted Samsung's motion in part and denied Samsung's motion in part. [# 37, 38] Judge Greenaway dismissed the following claims in the initial complaint without prejudice: (1) unfair and deceptive acts and practices under the laws of various states; (2) breach of express warranty; (3) breach of implied warranty; (4) unjust entrichment; (5) violation of the MMA. [# 37, 38]

Judge Greenaway denied Samsung's motion with regard to McCalley's NJCFA claim.  [# 37, 38]

Subsequently, on June 26, 2008, Plaintiffs filed the amended consolidated class action complaint (the "amended complaint") that is the operative pleading in this case.  [# 47]  The factual allegations in the amended complaint are substantially similar to those alleged by McCalley in the original complaint.  [# 1, 47]  The amended complaint, however, differs from the initial complaint in two important respects.

First, the amended complaint adds nine new Plaintiffs in addition to McCalley.  [# 47 at ¶¶ 7-15.]  The amended complaint alleges that, similar to McCalley, each new Plaintiff: (1) is an individual who resides in a state other than New Jersey; (2) purchased and used a Samsung HDTV that was "designed, manufactured, marketed, distributed and sold" with a defective Light Tunnel; (3) experienced the Shadow on their HDTV; and (4) demanded warranty repairs that were denied by Samsung because their HDTVs were "out of warranty".  [# 47 at ¶¶ 7-15.]  The amended complaint further alleges that "at no time" did Samsung inform Plaintiffs that their HDTVs were "experiencing a known defect that was inherent".  [# 47 at ¶¶ 7-15.]

Second, the amended complaint levies the following eight new and revised causes of action against Samsung: (1) misrepresentations and omissions in violation of the NJCFA; (2) unconscionable commercial practice in violation of the NJCFA; (3) unfair and deceptive acts and practices under various state laws, plead in the alternative to the NJCFA violation; (4) breach of express warranty; (5) breach of implied warranty; (6) breach of contract; (7) breach of implied covenant of good faith and fair dealing; and (8) violation of the MMA.  [# 47 at ¶¶ 53-147.]

On February 12, 2009, Samsung filed the present motion to dismiss the amended complaint in its entirety on various grounds.  [# 57]  Plaintiffs oppose Samsung's present motion.

[# 59] Before Samsung's motion was decided, this case was reassigned to this Court on September 23, 2009. [# 70] The Court has considered the parties' submissions. For the reasons that follow, Samsung's motion will be granted in part and denied in part.

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff, a court finds that Plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for Plaintiff's entitlement to the relief sought. *Id.* at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id.* at 1965. The issue before the Court "is not whether Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993),

*cert. denied* 510 U.S. 1042 (U.S. 1994) (No. 93-661).

    **B. Application**

        **1.    Samsung's Motion to Dismiss Plaintiffs' First and Second Causes of Action**

Plaintiffs' first and second causes of action allege that Samsung violated the NJCFA because of negligent misrepresentations or omissions and unconscionable commercial practices. [# 47 at ¶¶ 53-61.] The NJCFA claims contained in the original complaint survived Samsung's initial motion to dismiss and are re-plead in the amended complaint.[2] Despite that, Samsung now seeks dismissal of this claim on two grounds: (1) because Plaintiffs have failed to state a claim upon which relief can be granted; and (2) because New Jersey law should not apply in this case. Plaintiffs argue that both of Samsung's arguments fail, and the Court agrees.

As to Samsung's first argument, that Plaintiffs have failed to state a claim under the NJCFA, Plaintiffs assert that, in effect, Samsung belatedly and improperly requests reconsideration of Judge Greenaway's prior decision. The Court agrees. On March 31, 2008, Judge Greenaway denied Samsung's motion to dismiss McCalley's NJCFA claims. [# 37, 38] Samsung did not timely move for reconsideration of Judge Greenaway's March 31, 2008 decision pursuant Federal Rule of Civil Procedure 59. In the amended complaint, Plaintiffs re-plead the NJCFA allegations that Judge Greenaway found meritorious. Therefore, in the present motion to dismiss, Samsung effectively requests reconsideration of Judge Greenaway's March

---

[2] The original complaint contained only one cause of action that alleged violation of the NJCFA. [# 1 at ¶¶ 27-31.] The amended complaint contains two causes of action that allege violations of the NJCFA. [# 53-61.] The single NJCFA cause of action alleged in the original complaint contained the allegations that Plaintiffs have elected to plead separately in the amended complaint.

31, 2008 decision. The Court will deny that request.

As to Samsung's second argument, that the NJCFA does not apply to Plaintiffs' claims, Plaintiffs assert that a choice of law analysis is not appropriate at this point in this case. The Court agrees. A federal district court must apply the choice of law rules of its forum state to determine what law will govern the substantive issues of a case. *Klaxon Co. v. Stenor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). When deciding choice of law questions, New Jersey courts apply the flexible two-step "government interest analysis". *Rowe v. Hoffman-La Roche, Inc.*, 189 N.J. 615, 621 (N.J. 2007). The United States Court of Appeals for the Third Circuit has noted that New Jersey's governmental interest analysis "is fact intensive: 'Each choice-of-law case presents its own unique combination of facts -- the parties' residence, the place and type of occurrence and the specific set of governmental interest -- that influence the resolution of the choice-of-law issue presented.'" *Warriner v. Stanton*, 475 F.3d 497, 500 (3d Cir. 2007) (quoting *Erny v. Estate of Merola*, 171 N.J. 86, 108 (N.J. 2002). Because the governmental interest analysis is fact intensive, it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage when little or no discovery has taken place. *Harper v. LG Elecs. United States, Inc.*, 595 F. Supp. 2d 486, 490-91 (D.N.J. Feb. 3, 2009). This case presents that situation. The Court concludes that it cannot conduct New Jersey's fact-intensive governmental interest test based upon the pleadings in this case. As such, the Court cannot now decide whether or not Plaintiffs can state a claim under the NJCFA.

In sum, Samsung's motion to dismiss Plaintiffs' first cause of action will be DENIED because: (1) Samsung's argument on the merits is effectively an untimely request for reconsideration; and (2) the Court cannot conduct New Jersey's choice-of-law analysis at this

point in this case.

### 2. Samsung's Motion to Dismiss Plaintiffs' Third Cause of Action

Plaintiffs' third cause of action alleges that Samsung violated the consumer protection laws of forty-four states and the District of Columbia. [# 47 ¶¶ 62-113.] A similar cause of action in the original complaint was dismissed by Judge Greenaway in his March 31, 2008 decision because it was not sufficiently pled under the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). [# 38 at p. 16-17.] In the amended complaint, Plaintiffs have augmented McCalley's claims in the original complaint. Samsung, however, argues that Plaintiffs' third cause of action still fails under *Twombly*. The Court agrees.

As Judge Greenaway noted in his prior memorandum opinion, the United State Supreme Court in *Twombly* established the following minimum standard a plaintiff must satisfy to effectively state a claim under the Federal Rules of Civil Procedure:

> [w]hile a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement for relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Twombly* 550 U.S. at 555. [# 38 at p. 17.] Even after amendment, Plaintiffs' third cause of action still plainly fails under *Twombly*. The amended complaint contains dozens of paragraphs that purport to state claims under the consumer protection laws of forty-four states and the District of Columbia. In each paragraph, however, Plaintiffs merely submit a formulaic, heavily abridged, and cursory recitation of the elements of various consumer protection laws. Plaintiffs then conclude each paragraph with the identical sentence that alleges Samsung's actions have

violated a given consumer protection law. As such, plaintiffs have done nothing more than provide approximately forty-four examples of a "formulaic recitation of the elements of a cause of action" adorned with redundant "labels" and "conclusions" that baldly assert Plaintiffs are entitled to relief. As the Supreme Court noted in *Twombly*, this "will not do". *Twombly* 550 U.S. at 555. Therefore, Samsung's motion to dismiss Plaintiffs' third cause of action will be GRANTED.

### 3. Samsung's Motion to Dismiss Plaintiffs' Fourth, Fifth, and Sixth Causes of Action

Plaintiffs' fourth, fifth and sixth causes of action allege Samsung violated the MMA and breached both express and implied warranties. [# 47 at ¶¶ 114-136.] In his March 31, 2008 decision, Judge Greenaway had dismissed these causes of action because: (1) McCalley plead that an express warranty existed; and (2) McCalley plead that the Shadow manifested after the express warranty expired. [# 38 at p. 10-13.] In the amended complaint, Plaintiffs substantially re-plead McCalley's allegations in the original complaint and add one critical component: Plaintiffs allege that Samsung's express warranty is unconscionable. [# 47 at ¶¶ 126, 127.] Samsung argues that Plaintiffs have again failed to state a claim upon which relief can be granted in their fourth, fifth and sixth causes of action. Plaintiffs argue that their allegation of unconscionability renders their warranty-based claims viable. The Court agrees with Plaintiffs.

In his March 31, 2008 memorandum opinion, Judge Greenaway dismissed McCalley's warranty-based claims, but in doing so noted in a footnote that, "[s]ome courts recognize an exception . . . for claims alleging that the express warranty is unconscionable. However, [McCalley] has not made such a claim, and this Court will not imply one." [# 38 at p. 11, 12 fn.

4.] (citations omitted).  Not surprisingly, Plaintiffs' amended complaint alleges that Samsung's express warranty is unconscionable.  "In determining whether a contractual provision or clause is unconscionable, courts look to two factors: 1) unfairness in the formation of the contract, or procedural unconscionability, and 2) excessively disproportionate terms, or substantive unconscionability."  *Payne v. Fujifilm U.S.A., Inc.*, 2007 U.S. Dist. LEXIS 94765 * 11-12 (D.N.J. Dec. 28, 2007)(JAG) (citing *Sitogum Holdings, Inc. v. Ropes*, 352 N.J. Super. 555, 800 A.2d 915, 921 (N.J. Super. Ct. Ch. Civ. 2002).  In *Payne*, Judge Greenaway noted that "procedural unconscionability 'can include a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process.'"  *Id.*  On the other hand, "substantive unconscionability . . . 'simply suggests the exchange of obligations so one-sided as to shock the court's conscience.'" *Id.*

      In the amended complaint, Plaintiffs allege that:

> 126.    Samsung's limits on their express warranty are unenforceable as they knowingly sold a defective product without conspicuously informing consumers about the defect, and, as such, their express warranty was unconscionable.  As a result, plaintiffs and the members of the Class did not receive the goods expressly warranted by Samsung.
>
> 127.    The time limits contained in Samsung's extended written limited warranties were also unconscionable and grossly inadequate to protect the plaintiffs and the members of the Class.  Among other things, plaintiffs and the members of the Class had no meaningful choice in determining those time limitations; the terms of the limited warranties unreasonably favored Samsung over members of the Class; a gross disparity in bargaining power existed as between Samsung and Class members; and Samsung knew or should

>  have known that the Televisions were defective at the time
>  of sale and would fail well before their useful lives, thereby
>  rendering the time limitations insufficient, inadequate, and
>  unconscionable.

[# 47 at ¶¶ 126, 127.]  The Court concludes that Plaintiffs' foregoing allegations adequately state a claim that the express warranty is unconscionable.  Accepting all of Plaintiffs' allegations as true and viewing them in the light most favorable to Plaintiffs, both "procedural" and "substantive" unconscionabilty have been sufficiently plead in the amended complaint.  Because Plaintiffs have sufficiently plead a claim that the express warranty is unconscionable, the Court concludes that the warranty-based claims in the fourth, fifth and sixth causes of action withstand Samsung's present motion to dismiss.  Therefore, Samsung's motion to dismiss will be DENIED as to those three causes of action.

  **4. Samsung's Motion to Dismiss Plaintiffs' Seventh and Eighth Causes of Action**

  Finally, Plaintiffs' seventh and eighth causes of action respectively allege Samsung breached both their contract and the implied covenant of good faith and fair dealing.  [# 47 at ¶¶ 137-147.] Samsung asserts that both causes of action fail because Plaintiffs do not sufficiently identify what underlying contracts Samsung allegedly breached.  The Court agrees.

  In both their seventh and eighth causes of action, Plaintiffs simply allude to "contracts and agreements" that Samsung allegedly breached without more.  As the Court noted in the legal standard above, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must set forth fair notice of what their claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Additionally, a plaintiff's complaint must contain sufficient factual allegations to raise a right to relief above the speculative level.  *Id.*  Plaintiffs have failed to

meet that standard in their seventh and eighth causes of action. It is axiomatic that contract-based claims that do not adequately identify the contract at issue fail to "set forth fair notice" of a claim and "the grounds upon which it rests" and do not "raise a right to relief above the speculative level". Because Plaintiffs' have failed to sufficiently identify the contracts at issue in the seventh and eighth causes of action, Samsung's motion to dismiss those causes of action will be GRANTED.

### III. CONCLUSION

For the reasons stated above, Samsung's motion will be granted in part and denied in part. Plaintiffs' third, seventh, and eighth causes of action will be DISMISSED. An appropriate form of order accompanies this memorandum opinion.

Dated: October 27, 2009

                                                         /s/ Garrett E. Brown, Jr.
                                           GARRETT E. BROWN, JR., U.S.D.J.