**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, NJ  07102
(973) 623-3000
bgreenberg@litedepalma.com
mtarantino@litedepalma.com

*On Behalf of Plaintiffs' Counsel Executive Committee*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— x
      :
IN RE SAMSUNG DLP TELEVISION CLASS  :
ACTION LITIGATION       :    Civil Action No. 07-2141 (GEB)(MCA)
      :
      :
THIS DOCUMENT RELATES TO:   :    **DECLARATION OF**
      :  **BRUCE D. GREENBERG IN SUPPORT OF**
ALL ACTIONS        :    **MOTION FOR FINAL SETTLEMENT**
      : **APPROVAL, AWARD OF ATTORNEYS' FEES**
      :   **AND EXPENSES, AND OTHER RELIEF**
      :
———————————————————— x

    **BRUCE D. GREENBERG**, of full age, hereby declares as follows:

    1.  I am an attorney at law of the State of New Jersey in good standing, and a member of the law firm of Lite DePalma Greenberg, LLC, liaison counsel for Plaintiffs' Counsel Executive Committee and the Class.  I am fully familiar with the facts set forth herein.

    2.  I make this Declaration in support of the parties' Joint Motion for Final Approval of Class Action Settlement and Application for an Award of Attorneys' Fees and Reimbursement of Expenses.

    3.  As of July 30, 2010, fewer than ten objections to the Settlement have been filed.  Some of those relate to televisions other than those at issue here, so that those objectors are not members of the Class in this case.  There have been no objections to the form, content, timing or method

243272 v1

of notice to the Class, or to class certification, or to the requested award of attorneys' fees and reimbursement of expenses to Class Counsel.  A far greater number of Class members have submitted letters to the Court in support of the Settlement and/or have contacted Class Counsel to praise the excellent result obtained.  Those Class Members have urged prompt approval of the Settlement so that they can get their Televisions repaired without further delay.  It is infrequent in my experience for Class Members to respond in such numbers with affirmative endorsements of a class action settlement.

4.  Class Counsel filed this case only after a thorough investigation of the factual underpinnings of the controversy, and agreed to resolve it only after they fully understood the experiences of consumers using the Televisions and the nature of the Shadow Effect.  The Settlement was not reached until after the parties had engaged in several years of hard-fought litigation both in this Court and in a New Jersey-only statewide class action filed in the Superior Court of New Jersey, Bergen County, Law Division.  Some of the more significant events in those cases are described in the following paragraphs.

5.  This matter began in early May 2007, with the filing of the Complaint in *McCalley v. Samsung*.  In August 2007, defendants filed a motion to dismiss the *McCalley* case under Rules 12(b)(1) and 12(b)(6).  Class Counsel filed opposition to that motion on Mr. McCalley's behalf, including a brief and a supporting declaration, in September 2007.  Thereafter, Class Counsel filed similar cases in this Court for three other class members, Messrs. Goldberg, Menendez and Jinks.

6.  Samsung requested a stay of discovery pending a decision on the motion to dismiss.  Plaintiffs opposed that request.  There was briefing and oral argument on that issue.  Ultimately, Judge Arleo granted a stay.

7.  In December 2007, plaintiffs moved before Judge Arleo to compel defendants to preserve light engines and/or light tunnels, since plaintiffs had obtained information to the effect that when consumers returned those key components to Samsung for repair or replacement, Samsung was discarding them.  Defendants opposed that application, and plaintiffs filed a reply brief in

January 2008.  On January 30, 2008, Judge Arleo held a hearing on the issue and ordered that defendants were to preserve certain components.

8.   Meanwhile, numerous consumers who owned the subject Televisions and experienced the Shadow Effect began contacting Class Counsel.  Those contacts continued throughout this case.  My office alone, as counsel in New Jersey, where this matter was pending, fielded numerous telephone calls and e-mails from such consumers.  Other Class Counsel likewise received many inquiries.  Class Counsel responded to each inquiry, set up a database of persons who had contacted us, and remained in contact with those consumers.  We responded promptly to any consumer who contacted Class Counsel for a status update.  Ultimately, Class Counsel spoke to and/or e-mailed with hundreds of Class members, with whom we remained in frequent contact.  I was also contacted by the New Jersey Department of Consumer Affairs about this matter.

9.   On March 31, 2008, Judge Greenaway filed an opinion granting in part and denying in part defendants' motions to dismiss.  Judge Greenaway denied defendants' Rule 12(b)(1) motion in its entirety.  He granted dismissal of certain causes of action for failure to state a claim, but sustained Mr. McCalley's New Jersey Consumer Fraud Act cause of action.  Plaintiffs were granted leave to replead the dismissed claim.

10.   Following Judge Greenaway's decision, plaintiffs sought to initiate discovery.  Class Counsel conferred with defense counsel on a discovery plan, and prepared and served interrogatories and notices to produce documents on defendants.  Plaintiffs also prepared and filed a Consolidated Complaint that repleaded the dismissed claims and added more plaintiffs from additional jurisdictions.  Defendants would later move to dismiss that Consolidated Complaint.  Judge Arleo conducted a Rule 16 conference on May 19, 2008.

11.   On July 11, 2008, two of Class Counsel traveled to defense counsel's offices in Washington, DC to discuss potentially settling this matter, after defendants had suggested such a meeting.  That meeting was unsuccessful.  Two days later, defendants served their response to plaintiffs' notice to produce documents.  In the second half of 2008, defendants made renewed

settlement overtures and there were further discussions.  Some settlement proposals and counter-proposals were exchanged.  Those efforts too did not result in settlement.  As a result of those discussions, however, the parties sought and Judge Arleo granted extensions of time for defendants to move to dismiss the Consolidated Complaint.

12.  To facilitate settlement discussions, the parties agreed to engage the Honorable Stephen Orlofsky, U.S.D.J. (retired) as a mediator.  Plaintiffs prepared and submitted a detailed mediation statement with exhibits for Judge Orlofsky's use.  The mediation occurred on January 22, 2009.  Despite Judge Orlofsky's efforts, on that day and in follow-up telephone calls thereafter, no settlement was reached.

13.  In February 2009, with the mediation having proved unsuccessful, defendants moved to dismiss the Consolidated Complaint for failure to state a claim.  Plaintiffs responded with a comprehensive opposition in March 2009.  After briefing on that motion had been concluded, the Supreme Court of New Jersey issued an opinion in *Real v. Radir Wheels*, 198 N.J. 511 (2009), which bore on choice of law issues raised in defendants' motion.  Accordingly, plaintiffs promptly submitted a letter calling that decision to the attention of the Court.  After this matter was reassigned from Judge Greenaway to Judge Wigenton and then to Chief Judge Brown, Chief Judge Brown granted in part and denied in part defendants' motion on or about October 27, 2009.

14.  None of the plaintiffs named in the Consolidated Complaint were citizens of New Jersey.  Some New Jersey citizens contacted Class Counsel about filing another case in this Court, or filing a separate class action on behalf of New Jersey citizens only in a New Jersey state court.  Class Counsel did the necessary factual and legal research for such a complaint.  Once the mediation with Judge Orlofsky proved unsuccessful, Class Counsel filed *Slawinski v. Samsung* in the Superior Court of New Jersey, Bergen County, Law Division on or about February 12, 2009, which sought relief only for residents of New Jersey pursuant to New Jersey law.  Only Samsung Electronics America, Inc. ("SEA") was a defendant in that case.  In late May 2009, SEA moved to dismiss that case on the grounds of comity, a different rationale than those offered for

defendants' two motions to dismiss in this Court.  Class Counsel filed written opposition and argued that motion orally.  As a result of that opposition, Judge Brian Martinotti denied SEA's motion to dismiss on June 26, 2009.  Thereafter, Judge Martinotti held several case management and settlement conferences in an effort to help the parties resolve their disputes.  Those included, but were not limited to, a settlement conference that began on January 20, 2010 and continued on January 25, 2010.

15. Once Judge Arleo lifted the stay of discovery, the parties engaged in intensive discovery.  That discovery was accompanied by some discovery disputes, as to which the parties sought the intervention of Judge Arleo.  Judge Arleo also conducted regular conferences in order to keep this matter on track.

16. In response to plaintiffs' document demand, defendants produced approximately 82,000 pages of documents.  Many of those documents were in Korean, and plaintiffs arranged for those documents to be reviewed by Korean-speaking personnel.  Other documents produced were technical engineering or other documents.  With the aid of experts, plaintiffs assimilated those materials too.

17. Plaintiffs also served several subpoenas on non-party retailers and repairers of the Televisions.  Plaintiffs were required to and did have dealings with those subpoenaed parties about the subpoenas, including negotiations to hone the scope of at least one of those subpoenas (to Sears), and to review the documents produced in response to those subpoenas.  Plaintiffs also deposed one of those subpoenaed entities.

18. Defendants served each of the ten named plaintiffs, as well as the plaintiff in the state action, with interrogatories and notices to produce documents.  Class Counsel worked closely with each of those plaintiffs to respond to that discovery.  One plaintiff decided not to pursue his claims; thus, discovery responses were not served on behalf of that plaintiff.

19. Prior to reaching agreement to resolve this matter, two named plaintiffs and Gary Slawinski were deposed.  Class Counsel prepared each plaintiff for deposition and defended those depositions, which took place in New Jersey, Illinois, and California.  Class Counsel had

prepared extensively to depose Samsung personnel who were scheduled to be deposed in Korea, where those personnel were based, when settlement discussions began yet again in the first quarter of 2010 after the January 20 and 25, 2010 settlement conferences with Judge Martinotti had broken down. Ultimately, those discussions produced a settlement. The parties approached the Court in or about March 2010, and consented to have Judge Arleo, who had lived with and carefully managed this case since its inception, decide on settlement approval. Judge Arleo granted preliminary approval of the Settlement on May 20, 2010, after receiving written submissions and hearing oral argument.

20.  The Settlement and the agreed payment (subject to Court approval) of fees and expenses to Class Counsel by Samsung were the products of arm's length bargaining between the parties. As recounted above, settlement discussions started, failed, and re-started repeatedly before the parties eventually reached agreement. The efforts of Judges Orlofsky and Martinotti helped the parties to get to an agreement even though no agreement was reached in the presence of either of those judges.

21.  To the extent possible, the need for Class members to submit a claim form to receive the Settlement benefits has been dispensed with. The free repair during the warranty extension period can be arranged by means of calling a dedicated toll-free telephone number. Class members who are entitled to monetary refunds can obtain reimbursement for the cost of that repair by submitting a simple proof of claim that documents their expenditure. In sum, the parties have structured this Settlement so that there are minimal steps that consumers must take to receive its benefits.

22.  Plaintiffs estimate that a trial of this case would have taken at least one month and would have involved testimony of numerous Samsung engineers (including Korean speakers, for whom interpreters would have been needed), as well as testimony by several expert witnesses concerning such complicated subjects as the physics of electromagnetic radiation, which comprises the spectrum of light, and the complex materials chemistry surrounding adhesives. If this case were to have proceeded, it might not have been completed until many years after the

benefits would be made available to consumers under this Settlement. The expense of such a trial and the use of both judicial resources and the resources of the parties would have been substantial.

23. In assessing the merits of the Settlement, Class Counsel carefully considered the wide-ranging factual and legal hurdles as well as the risks that Plaintiffs would have faced if they had continued to prosecute the action through trial and appeals. Although they remained confident in their ultimate ability to be awarded damages for the conduct complained of, Class Counsel were aware that certain of the legal and factual defenses vigorously asserted by Samsung had some possibility of success, which could lead to severe mitigation of the amount of damages that might ultimately be awarded to the Class or even dismissal of the case. The resulting uncertainty, and the uncertainty inherent in all complex litigation, made the outcome of the case less than assured, especially when weighed against the substantial, tangible, immediate benefits conferred by the Settlement, which approach a "best case" scenario after trial.

24. Although Plaintiffs strongly believe that their claims have merit, establishing Samsung's liability and damages to the entire Class at trial would by no means be guaranteed. Samsung has steadfastly denied liability and Class Counsel recognized that some of Samsung's arguments, both against class certification as well as the substance of the case, could have possibly proved meritorious. The favorable outcome of the choice of law issues – a critical issue in a multi-state class case – can never be predicted with certainty. If class certification was granted, Plaintiffs would have anticipated additional dispositive motions by Samsung had the case proceeded toward trial.

25. The many other risks that Plaintiffs and the Class would have faced at trial alone (assuming that Plaintiffs defeated any other dispositive motions that Samsung might have filed) after the close of discovery) include:

(i)   The risk that evidentiary rulings would preclude Plaintiffs from using certain proofs that they sought to offer;

(ii)  The risk that certain witnesses, particularly third-party witnesses, would not

testify as anticipated, or would have their credibility undermined;

(iii)   The risk that the jury would be more persuaded by Samsung's expert testimony than by that of Plaintiffs';

(iv)   The risk that the jury would find that Samsung was not in breach of any warranty that was made; and

(v)   The risk that the jury would find that Samsung's conduct was not deceptive or otherwise violative of the consumer fraud statutes, or that the Class is unable to prove damages under those statutes.

26.   After extensive arm's length negotiations Samsung agreed to pay an award of fees and expenses of up to $950,000. This negotiated fee to be paid by Samsung in no way diminishes the recovery for the Class and is reasonable under both the lodestar and percentage methods. Significantly, the reasonableness of the fee is underscored by the fact that there has not been even a single objection to the amount of the fee award being sought.

27.   The recovery obtained for the Class was in no way aided by any governmental action. Class Counsel learned about the problems with the Televisions from clients who approached them, and through Class Counsel's own investigation, consultations with experts, and Class Counsel's own knowledge of televisions from prior cases. No governmental entity blazed a trail for Class Counsel to follow.

28.   Class Counsel took this case on a wholly contingent basis. As a result, from the commencement of this litigation, Class Counsel have been paid nothing for their substantial efforts since they began working on this matter in early 2007. The significant outlay of cash and personnel resources by Class Counsel has been completely at risk. Payment for their services was wholly dependent on obtaining some recovery for the Class.

29.   Attached to this Declaration as Exhibit I is a compendium of fee affidavits from each of the firms that comprise Class Counsel. Those affidavits describe the services rendered, the hours and rates of each firm, and the lodestar and expenses of each firm. The total lodestar exceeds the amount of the fee and expense award being sought, so that Class Counsel's request represents a negative multiplier on their time expended.

243272 v1

30. The incentive awards for the Class Representatives are intended to recognize the critical role they played in this case and the time and effort undertaken (through their responding to interrogatories and producing documents, sitting for deposition, and consulting with counsel about the litigation) in helping secure the exceptional result obtained on behalf of the Class.

31. Attached to this Declaration as Exhibit II is the Proposed Final Order and Judgment.

I declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 2, 2010

_____

Bruce D. Greenberg

# EXHIBIT I

243272 v1

—————————————————————— x
                                  :

IN RE SAMSUNG DLP TELEVISION CLASS   :
ACTION LITIGATION                          :    Civil Action No. 07-2141 (GEB)(MCA)
                                  :
                                  :

THIS DOCUMENT RELATES TO:         :
                                  :

ALL ACTIONS                             :
                                  :

—————————————————————— x

## COMPENDIUM OF PLAINTIFFS' COUNSELS' DECLARATIONS IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

August 2, 2010

**In Re: Samsung DLP Television Class Action Litigation,**
**Civil Action No.: 07-cv-2141 (GEB)(MCA)**

### PLAINTIFFS' COUNSEL EXECUTIVE COMMITTEE'S TIME AND EXPENSES

| FIRM | HOURS | LODESTAR (as of 8/2/10) | EXPENSES | EXHIBIT |
|---|---|---|---|---|
| LAX LLP | 1,599.70 | $858,055.00 | $10,057.69 | A |
| LITE DEPALMA GREENBERG, LLC | 1,249.80 | $774,272.50 | $8,970.77 | B |
| LANGE & KONCIUS, LLP | 757.25 | $377,351.25 | $5,766.19 | C |
| LAW OFFICE OF DANIEL SOBELSOHN | 56.70 | $34,870.50 | $100.00 | D |
| BARON & HERSKOWITZ | 8.00 | $4,400.00 | $232.50 | E |
| TOTALS | 3671.45 | $2,048,949.25 | $25,127.15 | |

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

——————————————————————— x

IN RE SAMSUNG DLP TELEVISION CLASS :
ACTION LITIGATION

                                      :       Civil Action No. 07-2141 (GEB)(MCA)

THIS DOCUMENT RELATES TO:         :

ALL ACTIONS                         :

                                        :

——————————————————————— x


**DECLARATION OF ROBERT I. LAX, ESQ. IN SUPPORT OF APPLICATION**
**FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF**
**EXPENSES**

I, Robert I. Lax, declare as follows:

       1.       I am a member of the law firm of Lax LLP, which was appointed and acted as Chair of the Plaintiffs' Counsel Executive Committee in this litigation. I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

       2.       As Chair of the Plaintiffs' Counsel Executive Committee my firm was actively involved in all phases of this litigation. My firm's work in this matter touched upon all aspects of the case, including performing extensive pre-filing legal and factual research, drafting of the Complaints, coordinating and drafting of discovery served on defendants and non-parties, preparation of responses of plaintiffs to defendants' discovery requests, translating and reviewing voluminous documents – in both English and Korean – produced by the defendants, preparation for depositions of Samsung employees, leading Plaintiffs' counsel in case management conferences and other

Hearings, researching legal issues and drafting of related memoranda of law including those relating to the adequacy of the pleadings, choice of law, comity, and discovery matters, leading coordination and strategy conferences amongst plaintiffs' counsel and assigning work projects to Plaintiffs' counsel, serving as principal liaison with Defendants' counsel, participating in multiple and extensive mediation sessions and settlement discussions which culminated in the Settlement before the Court with Defendants' inside and outside counsel, and finally in participating in the drafting of the Settlement documents and responding to inquiries from class members.  It is respectfully submitted that this work significantly contributed to the excellent result reached herein.

3.      The schedule attached as Exhibit 1 is a detailed summary indicating the amount of time, by category, spent by the professionals of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.  The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.  Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4.      The hourly rates for the attorneys in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other class action litigation.

5.      The total number of hours expended on this litigation by my firm is 1599.70 hours.  The total lodestar for my firm is $858,055.00.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 1, my firm has incurred a total of $10,057.69 in un-reimbursed expenses in connection with the prosecution of this litigation, again not including some expenses to be incurred after the date of this declaration.

8.      The expenses incurred in this action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. These expenses were reasonable and necessary to achieve the successful result reached in this case.

9.      With respect to the standing of counsel in this case, attached as Exhibit 2 is a copy of our firm resume.

The above is true to my personal knowledge and if called to do so I could and would testify competently thereto.  I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

August 2, 2010
New York, New York

Robert I. Lax, Esq.
Lax LLP
380 Lexington Avenue, 31st Floor
New York, New York 10168
Tel:  (212) 818-9150
Fax: (212) 818-1266

# EXHIBIT 1

# LAX LLP

In Re: Samsung DLP Television Class Action Litigation
Fee and Expense Report
August 2, 2010

| Professional | Total Hours | Hourly Rate | Lodestar to Date |
|---|---|---|---|
| | | | |
| Robert I. Lax - Lawyer | 1,236.20 | $650.00 | $803,530.00 |
| | | | |
| JiYoung Cha - Law Clerk* | 363.50 | $150.00 | $ 54,525.00 |
| | | | |
| | | | |
| **Total Lodestar** | **1599.70** | | **$858,055.00** |

* Applicant to NY/NJ Bar, July 2010 Bar Exam Results Pending

### Expenses

| Item | Amount |
|---|---|
| | |
| Reproduction, Printing, Binding, Transcription, Fax | $       602.25 |
| Expert Fees, Mediation Fees | $     4,681.04 |
| Hotel Accommodations, Transportation, Meals | $     1,568.94 |
| Postage, Messengers, Courier Service, Lawyer's Service | $          97.42 |
| On-line Research, Library Expenses, Web Hosting Fees | $     3,108.04 |
| | |
| **Total Expenses** | **$10,057.69** |
| | |

# EXHIBIT 2



380 LEXINGTON AVENUE, 31ST FLOOR
NEW YORK, NEW YORK 10168
TELEPHONE (212) 818-9150
FACSIMILE (212) 818-1266

## Firm Resume

Lax LLP practices exclusively in the area of complex commercial litigation, placing particular emphasis on representing plaintiffs in class action and derivative suits in the federal and state courts. In a relatively short period of time, the firm has become well known for its academic approach to the practice of law, as well as its dedicated sense of client advocacy.

Lax LLP is actively involved in cases representing clients in actions involving issues of securities fraud and corporate governance, consumer fraud, consumer finance, antitrust, as well as royalty and intellectual property disputes. The firm's ability and expertise in handling these matters has been recognized by both the judiciary as well as members of the Bar, with the result that the firm has been appointed class counsel and invited to serve in leadership positions on the litigation committees of several of the nation's most prominent class action litigations.

**Robert I. Lax, Esq.** received a B.A. in economics from Brandeis University, and graduated from the Benjamin N. Cardozo School of Law of Yeshiva University, where he was Managing Editor of the Cardozo Law Review, and the recipient of the Cardozo Ford Foundation Fellowship in Public International Law. Mr. Lax practices exclusively in the area of complex class action and derivative litigation, with a strong emphasis on matters involving consumer fraud, consumer finance, corporate governance, antitrust and securities matters, and has taken leading roles in some of the most significant recent cases in these areas. For example, Mr. Lax has recently been appointed and is currently serving as Lead Counsel and Chair of the Committee of Consolidated Indirect Purchaser Plaintiffs in the Multidistrict Fresh Pineapple Antitrust Litigation pending in the Southern District of New York, and as Chair of the Plaintiffs' Counsel Executive Committee in the LG/Zenith Rear Projection Television Class Action Litigation pending in the District of New Jersey. In addition, Mr. Lax has been selected to sit on the Partners Council of the National Consumer Law Center and has been a recurrent lecturer on consumer fraud and consumer finance litigation.

1

Some examples of Lax LLP's recent accomplishments in the class action and derivative arena include:

Summers et al. v. Toshiba America Consumer Electronics, Friedman et al. v. Samsung Electronics America, Messick et al. v. Pioneer Electronics USA, Inc., Superior Court of the State of New Jersey and Superior Court of California. Three separate nationwide consumer class action lawsuits brought on behalf of purchasers of both Toshiba, Samsung, and Pioneer DVD players, alleging that those machines contained inherent defects rendering them incompatible with the standards set for such devices, and therefore unable to properly play all compatible DVD Video discs, and asserting causes of action alleging breach of warranty and violation of consumer fraud statutes. In connection with these litigations, the firm sucessfully sought certification of plaintiff classes, undertook extensive forensic data and other discovery in the United States and in Asia, all leading to the sucessful negotiation of significant settlements providing extensive relief to the Class which were approved by the courts in March 2004, January 2005, and January 2007. The firm served as co-lead counsel for the plaintiff classes in all three cases.

In Re: Sony SXRD Rear Projection Television Litig., United States District Court for the Southern District of New York. A consolidated consumer class action filed on behalf of owners of Sony rear projection televisions which alleged that the televisions were sold with an undisclosed latent defect which caused "green blobs" and "yellow stains" to obscure the viewing screen, and asserting causess of action under the Magnusson-Moss Warranty Act, as well as breach of warranty and violation of the consumer fraud statutes of several states. A nationwide settlement was approved by the Court in May 2008 providing extensive relief to the Class,

2

including cash refunds and free repairs. The firm served as lead counsel in the consolidated action.

Rinaldi et al. v. Iomega Corp., Superior Court of the State of Delaware, New Castle County. A nationwide consumer class action filed on behalf of more than 24 million consumer purchasers of defendant's computer peripheral storage device, alleging that these products possessed latent defects which constituted a breach of warranty and a violation of relevant consumer protection statutes. The firm successfully negotiated a settlement valued in the tens of millions of dollars which was approved by the Court in June 2002. The firm was co-lead counsel for the Class.

In Re: LG/Zenith LCD Rear Projection Television Class Action Litigation, United States District Court, District of New Jersey. Consolidated class action lawsuit brought on behalf of consumer purchasers of rear projection televisions, asserting causes of actions arising under various consumer protection and warranty statutes relating to latent design defects in those products. The firm was appointed Chair of the Plaintiffs Litigation Committee, and sucessfully negotiated a settlement providing product refunds and free repairs valued in the tens of millions of dollars, which was approved by the Court in 2009.

Albert et al. v. Fletcher (In Re: ASD Shareholders Litig.), Superior Court for the State of California, Los Angeles County. A multi-defendant shareholder suit involving both class action and derivative claims alleging self-dealing and breach of fiduciary duty against corporate officers, directors, investment bankers and attorneys, which led to a class settlement of $17.9 million, approved in March, 2001. In approving the settlement, the Honorable Marvin Lager noted the "top notch" work and "superior" level of advocacy by Class Counsel. The firm was co-lead counsel for the Class and served on the Executive Counsel Committee.

In Re: Pioneer X30 Rear Projection Television Litigation, Superior Court of the State of California.  Consolidated consumer class action  lawsuits brought on behalf of purchasers of Pioneer rear projection televisions, alleging that the televisions were sold with an undisclosed charactaristic defect which rendered them incapable of properly rendering video, and asserting causes of action arising under the Magnusson-Moss Warranty Act, as well as breach of warranty and violation of the consumer fraud statutes of several states.  After litigation in multiple jurisdictions, including the sucessful defense of pre-trial rulings on interlocutory appeal, and extensive discovery involving complex technical issues, a nationwide settlement was approved by the Court in 2006 providing extensive relief to the Class, including cash reimbursements, free repairs, and product rebates.  The firm served as co-lead counsel in the consolidated action.

Tulley v. AT&T Communications of California, Superior Court of California, Los Angeles County.  Class action brought against telecommunications provider asserting systematic misbilling of telephone service charges to low income consumers, in which the firm served as co-counsel to the Class.  A settlement was approved in 2007, resulting in the disgorgement and distribution of $4.3 million to consumers.

Vega et al. v. Credit Bureau Enterprises, Inc., United States District Court, Eastern District of New York.  Class action brought on behalf of over 1,000,000 consumers nationwide seeking redress for violations of the Federal Fair Debt Collection Practices Act.  After the contested certification of the class, and an award of summary judgment in the Class' favor, in 2006, the Court approved what is believed to be the largest civil recovery within the Second Circuit in litigation under the Federal debt collection practices statute.  Robert I. Lax & Associates served as Lead Counsel for the Class.

<u>In Re Risk Management Alternatives FDCPA Class Action Litig.</u>, United States District Court, Southern District of New York. Consolidated class actions brought on behalf of approximately 800,000 consumers nationwide seeking redress for violations of the Federal Fair Debt Collection Practices Act. After the contested certification of the class, the firm negotiated – and the Court approved -- what is believed to be the second largest civil recovery within the Second Circuit in litigation under the Federal debt collection practices statute. Robert I. Lax & Associates served as Chair of the Plaintiffs' Lead Counsel Committee in the consolidated actions.

<u>Englade v. HarperCollins, Inc.</u>, Supreme Court of New York, County of New York. A class action brought against a publishing company on behalf of its published authors, alleging breach of contract and breach of the implied duty of good faith and fair dealing in selling books to related entities at below market prices. In an Order later affirmed by the Appellate Division, the Honorable Paula Omansky certified a nationwide class, and, noting the firm's standing at the Bar, appointed the firm as co-lead counsel to the Class. A settlement providing for the recalculation and disgorgement of several million dollars of royalties to authors was approved by the court in early 2003.

<u>Milex Electronics Corp. et al. v. Pitney Bowes Credit Corp.</u>, New York State Supreme Court, County of Suffolk. A class action suit alleging illegal practices in the lease financing of office equipment products. A class was certified by the Court and The firm appointed co-lead counsel to the Class. A class settlement was approved in April, 2001, in which defendant paid each class member a full refund plus interest of all allegedly improper lease payments.

<u>Duronslet et al. v. TransWorld Systems, Inc.</u>, United States District Court, Central District of California. A suit brought on behalf of a class of 1.5 million consumers against a debt

5

collection firm alleging violations of the Federal Fair Debt Collection Practices Act. The firm successfully negotiated and obtained final approval of a class settlement which was amongst the largest in the history of the Ninth Circuit in litigation under the Act. The firm acted as co-lead counsel to the Class.

McCarthy et al. v. ExTerra Credit Recovery, Inc., United States District Court, Southern District of New York. A suit brought on behalf of a class of over 55,000 consumers against a debt collection firm alleging violations of the Federal Fair Debt Collection Practices Act. The firm successfully negotiated and obtained final approval of a class settlement including a monetary payment to a common fund benefiting the Class, as well as the entry of an injunction prohibiting further violations of the Act. The firm was appointed lead counsel to the Class and co-lead counsel of the plaintiffs' Liaison Committee for the consolidated litigation.

Hatcher et al. v. Dorchester Publishing Co., New York State Supreme Court, County of New York. A suit brought on behalf of a class of authors against their publisher alleging commission of various tortious acts including fraud, breach of contract and breach of fiduciary duty. The litigation resulted in a class settlement worth over $1 million, approved in March 1998. The firm acted as liaison and co-lead counsel to the Class.

Schwab et al. v. America Online, Inc., Circuit Court of Cook County, Illinois, Chancery Division. A nationwide consumer class action alleging misrepresentations that defendant could or would provide unlimited online access in which The firm served on the Class Counsel Committee. A nationwide class was certified and a class settlement approved in February, 1998.


Additional information regarding Lax LLP will be provided upon request.

January 1, 2010

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————— x
                                                :
IN RE SAMSUNG DLP TELEVISION CLASS              :
ACTION LITIGATION                               :
                                                :   Civil Action No. 07-2141
                                                :   (GEB)(MCA)
                                                :
THIS DOCUMENT RELATES TO:                       :
                                                :
                                                :
ALL ACTIONS                                     :
                                                :
                                                :
———————————————————— x

**DECLARATION OF BRUCE D. GREENBERG IN SUPPORT OF
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES**

I, **BRUCE D. GREENBERG**, declare as follows:

1.      I am a member of the law firm of Lite DePalma Greenberg, LLC.  I

submit this declaration in support of my firm's application for an award of attorneys' fees

in connection with services rendered in this case, as well as the reimbursement of

expenses incurred by my firm in connection with this litigation.

2.      My firm acted as liaison counsel for the Class in the capacity of a member

of the Plaintiffs' Counsel Executive Committee and was actively involved in all

proceedings had herein and in the related state action pending in the Superior Court of

New Jersey, Bergen County Vicinage captioned *Slawinski v. Samsung Electronics*

*America, Inc.*, Docket No. BER-L-1449-08.  My firm's work in these matters included,

but was not limited to, participation in all phases of discovery, written and oral motion

practice, drafting of pleadings and other court submissions, research and writing,

investigation of claims, interviews of potential class members, attendance at hearings,

case management and settlement conferences as well as participating in mediation sessions.

3.      The schedule attached as Exhibit "1" is a detailed summary indicating the amount of time spent by the attorneys of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.  The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4.      The hourly rates for the attorneys in my firm included in Exhibit "1" are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other class action litigation.

5.      The total number of hours expended on this litigation by my firm is 1,249.80 hours.  As of July 28, 2010, the total lodestar for my firm is $774,272.50.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit "1" my firm, as July 28, 2010, has incurred a total of $8,970.77 in un-reimbursed expenses in connection with the prosecution of this litigation, again not including some expenses to be incurred after the date of this declaration.

8.      The expenses incurred in this action are reflected on the books and records of my firm as of July 28, 2010.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation

of the expenses incurred.  These expenses were reasonable and necessary to achieve the successful result reached in this case.

9.      With respect to the standing of counsel in this case, attached as Exhibit "2" is a copy of our firm resume.

The above is true to my personal knowledge and if called to do so I could and would testify competently thereto.  I declare under penalty of perjury under the laws of the State of New Jersey and the United States of America that the above is true and correct.

August 2, 2010

_____
Bruce D. Greenberg

# EXHIBIT 1

# LITE DEPALMA GRENBERG, LLP
## In Re Samsung DLP Television Class Action Litigation
### Fee and Expense Report
### July 28, 2010

**Lawyers**

| Lawyer | Total Hours | Hourly Rate | Lodestar to Date |
|--------|------------:|------------:|-----------------:|
| Bruce D. Greenberg | 509.90 | 700.00 | $356,930.00 |
| Mayra V. Tarantino | 671.90 | 600.00 | $403,140.00 |
| Jonathan Barrera | 39.40 | 200.00 | $7,880.00 |
| Eric Henley | 28.10 | 225.00 | $6,322.50 |
| | | | |
| **Total Lodestar** | 1249.80 | | $774,272.50 |

**Expenses**

| Item | Amount |
|------|-------:|
| | |
| Reproduction, Printing, and Telefax | $2,054.47 |
| Deposition and Transcripts | $2,774.81 |
| Meals, Hotel Accommodations, Transportation | $2,172.68 |
| Postage, Messengers, Courier Service, Lawyer's Service | $1,373.83 |
| On-line Research | $214.98 |
| Court Fees | $380.00 |
| | |
| **Total Expenses** | $8,970.77 |

242764 v1

4

# EXHIBIT 2

# FIRM BIOGRAPHY

## LITE DEPALMA GREENBERG, LLC

### AUGUST 2010

Lite DePalma Greenberg, LLC is a general practice law firm located in Newark, New Jersey. The firm specializes in commercial and complex litigation with a concentration in class action matters in the areas of securities, antitrust, consumer fraud and insurance sales practices. More detail about the firm and its attorneys appear on its Web site, www.litedepalma.com.

## MEMBERS OF THE FIRM

The following are brief sketches of the backgrounds of Lite DePalma Greenberg, LLC members:

**ALLYN Z. LITE** specializes in class action and other complex commercial litigation. He was designated by the Judges of the United States District Court for the District of New Jersey as Clerk of that Court from 1982 to 1986. While in that position, Mr. Lite created the Court's alternative dispute resolution program and served on and was Reporter for the committee that drafted the current Local Rules of the United States District Court for New Jersey. He was a member of the committee that drafted the new Rules of the United States Bankruptcy Court for the District of New Jersey, and participated as one of ten original members of the United States District Court Lawyer's Advisory Committee, on which he served for 11 years.

Mr. Lite is the author of <u>New Jersey Federal Practice Rules</u> (Gann Law Books), a commentary and annotations to the United States District Court's Local Rules, published annually, and cited frequently by the judges of that Court. Among his other publications is his

co-authorship, with Bruce D. Greenberg, of the chapter entitled "Class Action Litigation" in New Jersey Federal Civil Procedure (NJLJ Books 1999 and annual supplements).

Mr. Lite has more than 20 years of class action litigation experience, including serving as an expert on attorneys' fees. He has served in an active role as Lead, Co-Lead, or Liaison Counsel in over 100 cases, including major securities, derivative, antitrust, consumer fraud, and products liability matters, in New Jersey federal and state courts and in other jurisdictions. In three of those cases, Mr. Lite and LDG were Co-Lead Counsel for the State of New Jersey, Division of Investment, as Lead Plaintiff: Reginald Newton v. Tenet Healthcare Corp., (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.) ($281.5 million settlement with all defendants); In re Motorola Securities Litigation; Civ. No. 03-C-287 (N.D. Ill.), reported opinions, 505 F. Supp. 2d 501 (N.D. Ill. 2007), 2004 WL 2032769 (N.D. Ill. Sept. 9, 2004) ($193 million settlement reached three business days before trial); State of New Jersey and its Division of Investment v. Sprint Corporation, Civil No. 03-2071-JWL (D. Kan.), reported opinions, 2008 WL 191780 (D. Kan. Jan. 23, 2008), 2004 WL 1960130 (D. Kan. Sept. 3, 2004), 314 F. Supp. 2d 1119 (D. Kan. 2004) (class certified; discovery ongoing).

Other significant class action cases in which Mr. Lite has played an active role include In re Bristol-Myers Squibb Securities Litigation, Civil Action No. 00-1190(SRC), District of New Jersey, reported opinions, 2005 WL 2007004 (D.N.J. Aug. 17, 2005), 205 F.R.D. 437 (D.N.J. 2002)(Liaison Counsel) ($185 million settlement after defeating defendants' summary judgment motion and motions to exclude expert testimony); In re Electrical Carbon Products Antitrust Litig., Master File No. 03-2182(JBS), District of New Jersey, 447 F. Supp. 2d 389 (D.N.J. 2006) (Co-Liaison Counsel) ($21.9 million settlement); In re Nazi Era Cases Against German Defendants Litigation, Civil Action No. 98-4104(WGB), District of New Jersey, 198 F.R.D. 429

(D.N.J. 2000) (Liaison Counsel in 60 actions filed throughout the United States and consolidated in the District of New Jersey; $5.2 billion settlement); In re Prudential Insurance Company of America Sales Practices Litigation, Master File No. 95-4704 (AMW), District of New Jersey, 962 F. Supp. 450 (D.N.J. 1997), aff'd as to settlement approval, 148 F.3d 283 (3d Cir. 1998) (Liaison Counsel) (settlement worth over $4 billion); Chin v. Chrysler Corporation, Civil Action No. 95-5569 (JCL), District of New Jersey, 461 F. Supp.2d 279 (D.N.J. 2006) (Co-Lead Counsel) (catalyst for $53 million in relief to class); Weiss v. Mercedes-Benz of North America, Master File No. 93-96 (JWB), District of New Jersey, 899 F. Supp. 1297 (D.N.J.), aff'd, 66 F.3d 314 (3d Cir. 1995) ($75 million settlement); Princeton Economics Group, Inc. v. American Telephone and Telegraph Co., Docket No. L-3221-91, Superior Court of New Jersey, Law Division (Mercer County) (Lead Counsel) ($95 million settlement); Garcia v. General Motors, Docket No. L-4394-95, Superior Court of New Jersey, Law Division, Bergen County (Liaison Counsel) ($25 million settlement); Angelino v. DaimlerChrysler Corporation, Case No. GIC 765729, Superior Court of California, San Diego Division.

In other areas of his practice in complex litigation, Mr. Lite established and coordinated procedures for the nationwide defense of a major manufacturer of safety products in asbestos litigation, and handled the defense of environmental matters involving discharge of petrochemicals with Federal EPA and the U.S. Coast Guard. Mr. Lite has worked for many years alongside some of the nation's top intellectual property firms, serving as New Jersey counsel in major patent and trademark litigation, particularly in the pharmaceutical industry.

Mr. Lite served on the Lawyers' Advisory Committee for the United States Court of Appeals for the Third Circuit from 1992 through 1994, and as a member of the Third Circuit Task Force on Equal Treatment in the Courts, Gender Commission. He also chaired the United

States District Court's Merit Selection Panel to recommend candidates for a newly authorized United States Magistrate position assigned to Newark, New Jersey. In addition to many years of service on the Board of Trustees of the Association of the Federal Bar of New Jersey, Mr. Lite was co-chair for four years of the New Jersey State Bar Association's Class Action Committee.

Mr. Lite was selected as a mediator for the United States District Court pursuant to that Court's plan under the Civil Justice Improvements Act of 1990. As a mediator, Mr. Lite participated in environmental litigation involving the nation's largest Superfund site, and a multi-plaintiff public sector discrimination lawsuit, among others.

Mr. Lite is a 1978 graduate of the Seton Hall University School of Law. He was named as a New Jersey Super Lawyer in the May 2005, May 2006, May 2007, May 2008, May 2009 and May 2010 issues of New Jersey Monthly magazine.

**JOSEPH J. DePALMA**, the Firm's Managing Member, has a vast breadth of experience in many types of class action cases involving securities, ERISA, anti-trust, product liability and consumer fraud. Mr. DePalma also handles shareholder derivative litigation, commercial litigation and transactional matters for the firm's corporate clients. He has a Masters Degree in Business Administration and a J.D. degree from Seton Hall University School of Law.

Recently, Mr. DePalma and LDG have served as Co-Lead Counsel for the State of New Jersey, Division of Investment, as Lead Plaintiff in three prominent class actions which have resulted on significant recoveries: Reginald Newton v. Tenet Healthcare Corp., (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.) ($281.5 million settlement); In re Motorola Securities Litigation; Civ. No. 03-C-287 (N.D. Ill.) ($193 million settlement reached three business days before trial); State of New Jersey and its

Division of Investment v. Sprint Corporation, Civil No. 03-2071-JWL (D. Kan.) (class certified; discovery ongoing).

Mr. DePalma has also played an active role in obtaining settlements in numerous recognized class actions comprising some of the largest settlements in the nation. Included in such cases are:  In re Prudential Ins. Co. of America Sales Practices Litigation, 148 F.3d 283 (3d Cir. 1998) (over $4 billion paid out in largest insurance sales practices settlement ever) (Liaison Counsel); In re Lucent Technologies Securities Litigation, Civil Action No. 00cv621(AJL) (D.N.J.), reported opinions, 2003 WL 25488395 (D.N.J. Dec. 15 2003), 2002 WL 32815233 (D.N.J. July 16, 2002), 217 F. Supp. 2d 529 (D.N.J. 2002), 2002 WL 32818345 (D.N.J., May 9, 2002), 221 F. Supp. 2d 463 (D.N.J. 2001), 221 F. Supp. 2d 472 (D.N.J. 2001)(approximate $610 million settlement)(Liaison Counsel); Galanti v. Goodyear, Civil Action No. 03-209(SRC)(D.N.J.)($300 million product liability settlement)(Liaison Counsel); In re Aremissoft Corp. Securities Litigation, Civil Action No. 01-CV-2486 (JAP) (D.N.J.), reported opinion, 210 F.R.D. 109 (D.N.J. 2002)(over $250 million recovered to date; case is ongoing)(Liaison Counsel); In re Royal Dutch/Shell Transport Litigation, Civil Action No. 04-1398(JWB)(D.N.J.), reported opinions, 404 F. Supp. 2d 605 (D.N.J. 2005), 380 F. Supp.2d 509 (D.N.J. 2005) ($90 million ERISA settlement, the largest settlement ever under ERISA) (Liaison Counsel); P. Schoenfeld Asset Management, LLC v. Cendant Corp., Civil Action No. 98-4734(WHW) ($26 million settlement after precedent-setting decision in same case, Semerenko v. Cendant Corp., 223 F.3d 165 (3d Cir. 2000))(Liaison Counsel); Steiner v. MedQuist, Civil Action No. 04-CV-05487-JBS (D.N.J.), reported opinion, 2006 WL 2827740 (D.N.J. Sept. 29, 2006)($7.75 million)(Liaison Counsel); In re Tellium Securities Litigation,  No. 02-CV-5878 (FLW) (D.N.J.), reported opinion, 2005 WL 1677467 (D.N.J. June 30, 2005)($5.5 million)(Liaison Counsel), and;

In re NUI Securities Litigation, Civil Action No. 02-CV-5220 (MLC)(D.N.J.), reported opinion, 314 F. Supp. 2d 388 (D.N.J. 2004) ($3.5 million)(liaison counsel).

Mr. DePalma's years of experience also include the following major matters: In re Computron Software, Inc. Securities Litigation, Civil Action No. 96-1911 (AJL)(approximate $15 million settlement) (Liaison Counsel); In re USA Detergents, Inc. Securities Litigation, Master File No. 97-2459 (MTB), District of New Jersey ($10 million settlement)(Liaison Counsel); In re: The Children's Place Securities Litigation, Master File No. 97-5021 (JCL), District of New Jersey, reported opinion,1998 WL 35167284 (D.N.J. Sept. 4, 1998)($1.7 million settlement) (Liaison Counsel); Arthur Fields, et al. v. Biomatrix, Inc., et al., Civil Action No. 00-CV-3541(WGB), District of New Jersey ($2.45 million settlement) (Liaison Counsel), and In re Atlas Mining Securities Litigation; Civil Action No. 07-428-N-EJL (D.Idaho)(Lead Counsel).

Mr. DePalma has also achieved excellent results for clients in other areas of litigation. Among other things, he won large settlements for a condominium association on construction defect and legal malpractice claims, and has successfully handled securities arbitrations as well.

Mr. DePalma has lectured in the area of real estate law. He has also served as a member of the New Jersey Supreme Court's District Ethics Committee.

Mr. DePalma was named as a New Jersey Super Lawyer in the May 2007, May 2008, May 2009 and May 2010 issues of New Jersey Monthly magazine.


**BRUCE D. GREENBERG** has served as Co-Lead Counsel and Liaison Counsel in major securities, antitrust and consumer fraud class action cases.  He also handles sophisticated appellate, commercial and real estate litigation.

A number of Mr. Greenberg's class action cases have resulted in significant settlements. Among his federal court class action successes are a settlement worth more than $750 million for a nationwide class in <u>Varacallo v. Massachusetts Mutual Life Ins. Co.</u>, 226 F.R.D. 207 (D.N.J. 2005)(Co-Lead Counsel), an insurance sales practices case, and partial settlements totaling over $149.8 million for a nationwide class in the multidistrict antitrust litigation captioned <u>In re Insurance Brokerage Antitrust Litigation</u>, MDL No. 1663, Civil Action No. 04-5184(FSH) (District of New Jersey) (Liaison Counsel).  His efforts as Co-Lead Counsel for certified classes in the United States District Court for the Western District of Pennsylvania (<u>Zeno v. Ford Motor Co.</u>, 238 F.R.D. 173 (W.D. Pa. 2006), and 480 F. Supp. 2d 825 (W.D. Pa. 2007)) and in the Superior Court of New Jersey, led to a four-state settlement that afforded full benefit of the bargain relief to consumers in <u>Pedersen v. Ford Motor Co.</u>, No. GIC 821797 (Cal. Super Ct.). Mr. Greenberg was also instrumental in <u>In re Motorola Securities Litigation</u>, Civ. No. 03-C-287 (N.D. Ill.), where LDG, as Co-Lead Counsel, achieved a $193 million settlement just three business days before trial was to begin, and in <u>Reginald Newton v. Tenet Healthcare Corp.</u>, (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.), where LDG, again as Co-Lead Counsel, won a settlement for $281.5 million.

Mr. Greenberg's New Jersey state court class actions include a $100 million settlement for a nationwide consumer class in <u>Friedman v. Samsung Electronics America, Inc.</u>, Docket No. BER-L-7250-01 (Liaison Counsel), a comparably sized settlement for a nationwide consumer class in <u>Summer v. Toshiba America Consumer Products, Inc.</u>, Docket No. BER-L-7248-01 (Liaison Counsel), another nationwide consumer class settlement in <u>Barrood v. IBM</u>, Docket No. MER-L-843-98, that afforded class members full benefit of the bargain relief, (Co-Lead Counsel), a settlement for a New Jersey consumer class worth over $7 million in <u>Delaney v.</u>

Enterprise Rent-A-Car Co., Docket No. OCN-L-1160-01 (Co-Lead Counsel), and a $4.5 million settlement for a New Jersey consumer class in DeLima v. Exxon, Docket No. HUD-L-8969-96 (Co-Lead Counsel).

A 1982 graduate of the Columbia University School of Law, Mr. Greenberg clerked for Justice Daniel J. O'Hern of the Supreme Court of New Jersey for the 1982-83 Term. Before joining the firm, Mr. Greenberg was a partner at Greenbaum Rowe Smith & Davis, LLP, Woodbridge, New Jersey, one of New Jersey's largest law firms.

Mr. Greenberg appears regularly in the appellate courts. He has argued five cases in the Supreme Court of New Jersey, two cases in the Third Circuit Court of Appeals, and several dozen in New Jersey's Appellate Division. Nearly 40 of his cases have been published, including significant cases on class actions, zoning and land use, restrictive employment covenants, real estate brokerage, and other topics.

Among his many other publications, Mr. Greenberg is the author of the chapter entitled "Supreme Court Review" in New Jersey Appellate Practice Handbook (New Jersey ICLE 2005 ed.), and co-author, with Allyn Z. Lite, of the chapter entitled "Class Action Litigation" in New Jersey Federal Civil Procedure (NJLJ Books 1999 and annual supplements). Law review articles that he has written have been cited with approval by the Supreme Court of New Jersey and Appellate Division. Mr. Greenberg has lectured on class actions for both New Jersey and Pennsylvania CLE, and has served as an expert witness on attorneys' fees in class actions. He has also spoken on civil trial preparation, appellate practice and other subjects.

Mr. Greenberg belongs to the New Jersey State Bar Association, and was Chair of the Association's Appellate Practice Committee from 2004-2006. He is also a member of the Land Use Law Section, and Securities Litigation and Regulatory Enforcement Committee. From

1991-2006, Mr. Greenberg was a member of the Supreme Court of New Jersey Committee on

Character.  He was also one of the founding members, and a past Chairman, of the New Jersey

Law Firm Group, a consortium of major law firms to advance hiring of minority lawyers.

Mr. Greenberg was named as a New Jersey Super Lawyer in the May 2005, May 2006,

May 2007, May 2008, May 2009 and May 2010 issues of New Jersey Monthly magazine.


**STEPHANIE M. KAY** manages the firm's health care practice.  She has a background

in many areas of litigation, but currently focuses her practice on representing skilled nursing and

assisted living facilities in areas such as Medicaid eligibility, elder and guardianship law, and

accounts receivable collection.  Ms. Kay also represents a number of clients in the federal courts

prosecuting violations of the Federal Communications Act.  Ms. Kay was involved in the trial

and appeal phases of Sgro v. Getty Petroleum Corp., 854 F. Supp. 1164 (D.N.J. 1994), aff'd, 96

F.3d 1434 (3d Cir. 1996), where she successfully represented Getty, and the courts clarified New

Jersey law regarding commercial bailment.  Ms. Kay has also been involved in representing two

municipalities and served as counsel to a small closely held corporation.


**MICHAEL E. PATUNAS** is an experienced litigator with broad experience in many

types of complex civil litigation, including a major concentration in intellectual property

litigation, commercial, class action, business torts, negligence, land use and real estate matters.

Mr. Patunas has been involved extensively in many substantial litigations in the New Jersey state

and federal courts.

Mr. Patunas also has substantial experience in the areas of real estate and land use law,

and has assisted many individual and corporate clients in acquiring real estate by lease or

purchase and prosecuting applications for development approvals before numerous local boards, as well as the New Jersey Meadowlands Commission. Mr. Patunas has also worked closely with major real estate developers designated as redevelopers of blighted properties by municipalities and the New Jersey Meadowlands Commission. He has served as counsel to the Zoning Board of Adjustment of the Borough of Moonachie.

In the corporate area, Mr. Patunas has assisted clients in forming corporations, limited liability companies and other entities for various purposes, including the acquisition of existing businesses. In this role, he has closed multi-million dollar purchases of such businesses as automobile dealerships and manufacturing operations. Mr. Patunas has also represented corporate clients in drafting shareholder agreements, buy-sell agreements, restrictive covenants and other documents necessary to the proper functioning of closely-held New Jersey businesses.

Mr. Patunas was designated a Super Lawyer by <u>New Jersey Monthly</u> magazine in May 2010.

**VICTOR A. AFANADOR** handles litigation and trials of civil and criminal cases. His experience includes public entity tort liability defense, employment related defense of CEPA and LAD matters, police related state and federal civil rights defense, condemnation and redevelopment law, complex commercial litigation, and criminal defense. In addition, Mr. Afanador served from September 1999 through May of 2005 as Deputy Director of Law for the City of Perth Amboy. In that capacity, he provided counsel to the Mayor, the City Council, and City department directors on legal matters.

Mr. Afanador has successfully tried to verdict jury and bench trials in civil rights and redevelopment law matters. He has also tried public entity employee termination hearings before

the Office of Administrative Law and numerous matters of many types in Municipal Court. He also litigated and managed the condemnation of sixteen properties in a single municipality.

In addition to his trial work, Mr. Afanador has argued before the Superior Court of New Jersey, Appellate Division. His published opinions include <u>Deegan v. Perth Amboy Redevelopment Agency</u>, 374 N.J. Super. 80 (App. Div. 2005). Mr. Afanador has also applied his investigative skills in the class action area. He interviewed Spanish-speaking employees and prepared a report for the Court as part of the firm's responsibilities as Class Administrator for an employment discrimination class action.

Mr. Afanador clerked for Judges Mathias E. Rodriguez and Frederick P. DeVesa, Superior Court of New Jersey, Law Division Criminal Part, in Middlesex County from 1998-1999.

Mr. Afanador was appointed by the Essex County Executive in September of 2005 to serve as a Commissioner on the Essex County Board of Public Utilities. He is a member of the New Jersey State Bar Association, The Association of the Federal Bar of the State of New Jersey, Seton Hall University School of Law Alumni Association, the Essex County Bar Association, and the Hispanic Bar Association of New Jersey. He is a 2003 Graduate of the Leadership Newark Fellowship Program and has served on the African Globe Theatreworks Board of Directors, a professional theater company based in Newark, New Jersey.

**KATRINA CARROLL**, a member of the firm based in the Chicago area, has been actively involved in many of the firm's class actions, most prominently in the areas of securities, ERISA and anti-trust. Her successes at LDG have included <u>In re Motorola Securities Litigation</u>, Civ. No. 03-C-287 (N.D. Ill.), where LDG, as Co-Lead Counsel, achieved a $193 million

settlement just three business days before trial was to begin, and in <u>Reginald Newton v. Tenet</u> <u>Healthcare Corp.</u>, (Tenet Healthcare Securities Litigation), cv-02-8462-RSWL (C.D. Cal.), where LDG, again as Co-Lead Counsel, won a settlement of $281.5 million.

Prior to re-joining LDG in 2007, Ms. Carroll worked in the class action group of Much Shelist Freed Deneberg Ament & Rubenstein, P.C., once known as Chicago's premier class action firm. While at Much Shelist, Ms. Carroll concentrated her work on securities fraud class actions and derivative actions, and played a litigation role on the majority of that firm's securities cases, including those in which the firm served in lead counsel positions. Such matters included the following class actions: <u>In re Hollinger International, Inc. Securities Litigation</u>, No. 04-c-834 (N.D. Ill); <u>Ong v. Sears, Roebuck & Co.</u>, No. 03-C-4142 (N.D. Ill.), and <u>In re Sara Lee Corp.</u> <u>Securities Litigation</u>, No. 03-CV-3202 (N.D. Ill.).

Ms. Carroll has significant experience in all phases of other complex litigation and has worked on or managed a number of matters involving products and securities in industries as diverse as automobiles, chemicals, pharmaceuticals, software and technology. Outside of litigation, Ms. Carroll has also represented individuals, privately owned businesses and Fortune 500 clients before local, state and federal governments and enforcement agencies in a number of areas, helping clients secure temporary restraining orders and injunctions, structure entities, develop and document corporate resolutions, comply with securities-reporting requirements, and negotiate licensing agreements.

Ms. Carroll is a member of the American Bar Association and a former member of New Jersey's John C. Lifland American Inn of Court. She also serves as Chair of the Chicago chapter of the Hebrew Immigrant Aid Society's Young Leadership group.

## **MEMBERS OF THE FIRM**

**ALLYN Z. LITE**, born Detroit, Michigan, October 18, 1943.  Admitted to bar, 1979, New Jersey, U.S. District Court, District of New Jersey and U.S. Court of Appeals, Third Circuit; 1980, U.S. Tax Court; 1983, U.S. District Court, Southern and Eastern Districts of New York; 1987, U.S. Supreme Court; 1998, U.S. District Court, Eastern District of Michigan. Education:  University of Michigan (B.S., 1966); Rutgers University (M.F.A., 1968); Seton Hall Law School (J.D., cum laude, 1978).  Member, Federal Court Clerks Association, 1981-1985. Author Another Attempt to Heal the Wounds of the Holocaust: 27 Human Rights No. 2, (American Bar Association Spring 2000), New Jersey Federal Practice Rules (Gann Law Books, updated annually since 1991), "Class Action Litigation," Chapter 9 in New Jersey Federal Civil Procedure (New Jersey Law Journal Books updated annually since 1999) (with Bruce D. Greenberg); "Class Actions," Federal Civil Practice Handbook (N.J.ICLE 1992), "The Preaccusation Delay Dilemma," 10 Seton Hall Review 538 (1980).  Adjunct Professor, Seton Hall Law School, 1980-1984; New York Law School, 1984-1986.  Lecturer, Federal Judicial Center, 1982-1985.  Law Clerk, Hon. H. Curtis Meanor, U.S. District Court Judge, District of New Jersey, 1978-1979.  Executive Assistant to Hon. Clarkson S. Fisher, Chief Judge, District of New Jersey, 1981-1982.  Clerk of U.S. District Court, District of New Jersey, 1982-1986. Certified Mediator, U.S. District Court, District of New Jersey.  Member:  U.S. District Court Speedy Trial Planning Group, 1979; U.S. District Court Lawyers Advisory Committee, 1984-1995; U.S. Bankruptcy Court Committee on Local Rules, 1986; Third Circuit Automation Committee, 1984-1986; U.S. District Court Bicentennial Committee, 1985-1988.  Trustee, U.S. District Court Historical Society, 1986-1997.  Member, New Jersey Supreme Court District

Ethics Committee, 1988-1991, Chair-District V Ethics Committee, 1990-1991. Member:  Essex

County, New Jersey State (Member, Section on Federal Practice and Procedure; Committee on

Securities Regulation and Litigation; Co-Chair, Committee on Class Action Litigation 2003-

2006) and American (Member, Section on Science and Technology, Committee on Technology

and Court Systems) Bar Associations; Association of the Federal Bar of New Jersey (Member,

1984; Vice-President, 1985--).  Selected reported opinions: Gross v. German Foundation

Industrial Initiative, 456 F.3d 363 (3d Cir. 2006); Yang v. Odom, 392 F.3d 97 (3d Cir. 2004);

Kos Pharmaceuticals v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004); In re Prudential Ins. Co. of

America Sales Practices Litig., 278 F.3d 175 (3d Cir. 2002); In re Prudential Ins. Co. of America

Sales Practices Litig., 148 F.3d 283 (3d Cir. 1998); Aventis Pharmaceuticals v. Barr

Laboratories, 335 F. Supp. 2d 558 (D.N.J. 2004); In re Electrical Carbon Products Antitrust

Litig., 447 F. Supp. 2d 389 (D.N.J. 2006); Varacallo v. Mass. Mut. Ins. Co., 226 F.R.D. 207

(D.N.J. 2005); New Jersey v. Sprint Corp., 314 F. Supp. 2d 1119 (D. Kan. 2004); In re Bristol-

Myers Squibb Securities Litig., 205 F.R.D. 437 (D.N.J. 2002); In re Nazi Era Cases Against

German Defendants Litig., 198 F.R.D. 429 (D.N.J. 2000); Weiss v. Mercedes Benz of North

America, Inc., 899 F. Supp. 1297 (D.N.J.), aff'd, 66 F.3d 314 (3d Cir. 1995); Leon v. Rite Aid

Corp., 340 N.J. Super. 462 (App. Div. 2001).  Federal Practice; Class Actions; Complex

Commercial Litigation.


**JOSEPH J. DePALMA**, born Newark, New Jersey, June 29, 1956.  Admitted to bar,

1982, New Jersey and U.S. District Court, District of New Jersey; 1984, U.S. Court of Appeals,

Third Circuit; l986, U.S. Supreme Court.  Education:  Seton Hall University (B.S., 1978; J.D.,

cum laude, 1982; M.B.A., 1982).  Lecturer: "Real Estate Law in New Jersey," National Business

Institute.  Member:  New Jersey State (Member, Committee on Class Actions) and American Bar

Associations.  Selected reported opinions: In re Schering ERISA Litig., 420 F.3d 231 (3d Cir.

2005); Semerenko v. Cendant Corp., 223 F.3d 165 (3d Cir. 2000); In re Aremissoft Corp.

Securities Litig., 210 F.R.D. 109 (D.N.J. 2002); In re Computron Software, Inc. Securities Litig.,

6 F. Supp. 2d 313 (D.N.J. 1998); Brosious v. Children's Place Retail Stores, 189 F.R.D. 138

(D.N.J. 1998).  Class Actions; Complex Commercial Litigation.


**BRUCE D. GREENBERG**, born Newark, New Jersey, April 8, 1957.  Admitted to bar,

1982, New Jersey and U.S. District Court, District of New Jersey; 1999, United States Court of

Appeals for the Third Circuit; 2010, United States Supreme Court.  Education: University of

Pennsylvania (B.A., 1979); Columbia University (J.D., 1982), Harlan Fiske Stone Scholar.

Author: "Class Action Litigation," Chapter 9 in New Jersey Federal Civil Procedure (New Jersey

Law Journal Books updated annually since 1999) (with Allyn Z. Lite); "25 Years of the New

Jersey Antitrust Act," 26 Seton Hall Law Review 637 (1996); "The Right to a Civil Jury Trial in

New Jersey," 47 Rutgers Law Review 1461 (1995); "Deflating the 'Puffery' Defense, 174 New

Jersey Law Journal 295 (2003); "N.J. Doesn't Need Rule 23(f)," 170 N.J.L.J. 23 (2002); "The

Supreme Court Dials In," 151 New Jersey Law Journal 1100 (1998); "A Towering Question is

Settled," 141 New Jersey Law Journal 1210 (1997); "Using Antitrust Law to Prevent Land Use

'SLAPP Suits,'" 140 New Jersey Law Journal 1187 (1995); "Time to Curtail the 'Time of

Decision' Rule," 139 New Jersey Law Journal 1008 (1995); "Rent Boards Deserve No

Deference," 126 New Jersey Law Journal 681 (1990); "New Jersey's 'Fairness and Rightness'

Doctrine," 15 Rutgers Law Journal 927 (1984); "Probation Conditions and the First Amendment:

When Reasonableness is not Enough," 17 Columbia Journal of Law and Social Problems 45

(1981).  Lecturer, "How to Handle Brokerage Commission Claims Against Successors-in-Title,"
New Jersey Institute of Continuing Legal Education, January, 1995.  Law Secretary, Hon. Daniel
J. O'Hern, Associate Justice, New Jersey Supreme Court, 1982-1983.  Special Land Use Counsel
to Warren Township, New Jersey, 1998-1999.  Chairman, New Jersey Law Firm Group
(consortium of major private firms to further minority hiring), 1992-1993.  Settlement Judge
(Mediator), Essex County Superior Court, 1992-1999. Arbitrator, Essex County Superior Court
Contract Arbitration Program, 1995-1999. Member, Supreme Court of New Jersey Committee
on Character, 1990-2006. Member:  New Jersey State Bar Association (Member: Appellate
Practice Committee, Chair, 2004-2006; Securities Litigation and Regulatory Enforcement
Committee; Land Use Law Section).  Selected reported opinions: Weiss v. Regal Collections,
385 F.3d 337 (3d Cir. 2004); Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir. 2000);
Thompson v. American General Life Ins. Co., 404 F. Supp. 2d 1023 (M.D. Tenn. 2005);
Varacallo v. Mass. Mut. Ins. Co., 226 F.R.D. 207 (D.N.J. 2005); New Jersey v. Sprint Corp., 314
F. Supp. 2d 1119 (D. Kan. 2004); In re Prudential Ins. Co. of America Sales Practices Litig., 962
F. Supp. 450 and 572 (D.N.J. 1997); McGrogan v. Till, 167 N.J. 414 (2001); Lamorte Burns &
Co. v. Walters, 167 N.J. 285 (2001); Rivkin v. Dover Tp. Rent Leveling Bd., 143 N.J. 352
(1996); Sica v. Wall Tp. Bd. of Adj., 127 N.J. 152 (1992); North Bergen Action Group v. North
Bergen Tp. Planning Bd., 122 N.J. 567 (1991); Muise v. GPU, Inc., 371 N.J. Super. 13 (App.
Div. 2004); Dunlea v. Belleville Tp., 349 N.J. Super. 506 (App. Div. 2002); Leon v. Rite Aid
Corp., 340 N.J. Super. 462 (App. Div. 2001); Varacallo v. Mass. Mut. Life Ins. Co., 332 N.J.
Super. 31 (App. Div. 2000); Boardwalk Properties, Inc. v. BPHC Acquisition, Inc., 253 N.J.
Super. 515 (App. Div. 1991); Prudential Ins. Co. of America v. Guttenberg Rent Control Bd.,
220 N.J. Super. 25 (App. Div. 1987); Village Supermarket, Inc. v. Mayfair Super Markets, Inc.,

269 N.J. Super. 224 (Law Div. 1993); K. Hovnanian at Lawrenceville, Inc. v. Lawrence Tp., 234 N.J. Super. 422 (Law Div. 1988). Complex Commercial Litigation; Class Actions; Appellate Practice; Land Use Litigation.

**STEPHANIE M. KAY**, born New Brunswick, New Jersey, August 19, 1966. Admitted to bar, 1992, New Jersey and U.S. District Court, District of New Jersey. Education: State University of New York at Albany (B.A., cum laude, 1988); Seton Hall University School of Law (J.D., cum laude, 1992), Legislative Bureau, Director of Staffing and Symposium. Reported Opinions: Sgro v. Getty Petroleum Corp., 854 F. Supp. 1164 (D.N.J. 1999), aff'd, 96 F.3d 1434 (3d Cir. 1996). Civil Litigation; Health Care Issues, Long Term Care and Guardianship Law.

**MICHAEL E. PATUNAS**, born Jersey City, New Jersey, January 4, 1967. Admitted to Bar, 1991, New Jersey and U.S. District Court, District of New Jersey; 2003, U.S. Court of Appeals for the Third Circuit. Education: Villanova University (B.A., cum laude, 1988); Seton Hall University School of Law (J.D., 1991). Member: American Bar Association (Section of Litigation). Reported opinions: National Group for Communications and Computers, Ltd. v. Lucent Technologies, 331 F. Supp. 2d 290 (D.N.J. 2004); Ace Burlap & Bag Co., Inc. v. Sea-Land Service, Inc., 40 F. Supp. 2d 233 (D.N.J. 1999). Federal Practice, Civil Litigation; Real Estate Law; Land Use and Zoning Law; Corporate Law.

**VICTOR A. AFANADOR**, born Newark, New Jersey, May 30, 1973. Admitted to bar, 1999, New Jersey and United States District Court for the District of New Jersey; New York

1999;  Education: Drew University (B.A. 1995); Seton Hall University School of Law (J.D. 1998).  Law clerk,  Hon. Mathias E. Rodriguez and Hon. Frederick P. DeVesa, Superior Court of New Jersey, Law Division, Criminal Part, Middlesex County, 1998-1999.  Reported opinion: Deegan v. Perth Amboy Redevelopment Agency, 374 N.J. Super. 80 (App. Div. 2005).  Civil Litigation; Commercial Litigation; Criminal Law; Public Entity and Administrative Law.


**KATRINA CARROLL**, born Lvov, Ukraine, April 6, 1975. Admitted to bar, 2000, New Jersey and United States District Court for the District of New Jersey. Education: Northwestern University (B.A. 1997); Seton Hall University School of Law (J.D. 2000). Reported opinions: In re Hollinger Int'l Securities Litigation, 2006 WL 18063382 (N.D. Ill. June 28, 2006); In re NUI Securities Litigation, 314 F. Supp. 2d 388 (D.N.J. 2004). Civil Litigation; Commercial Litigation; Class Action Litigation.


## ASSOCIATES

**MAYRA VELEZ TARANTINO**, born Newark, New Jersey, October 2, 1970. Admitted to bar, 1998, New Jersey and United States District Court for the District of New Jersey; 1999, New York; 2009, United States District Court for the Southern District of New York; 2010 United States Court of Appeals for the Second Circuit.  Education:  Fairleigh Dickinson University (B.S. 1992); Brooklyn Law School (J.D. 1998).  Law Clerk to the Honorable W. Hunt Dumont, J.S.C., Superior Court of New Jersey, Law Division, Civil Part, Passaic County, 1998-1999; Law Clerk to the Honorable John J. Hughes, U.S.M.J., United States District Court, District of New Jersey, 1999-2000.  Federal Practice; Complex Commercial Litigation; Civil Litigation; Class Actions.

**MARISOL PEREZ**, born Freehold, New Jersey, April 17, 1973.  Admitted to bar, 1999, New Jersey and United States District Court, District of New Jersey. Education: Rutgers College (B.A., 1995); Temple University School of Law (J.D. 1998); Law Clerk, Hon. Susan L. Reisner, Superior Court of New Jersey, Law Division, Passaic County; Deputy Attorney General, State of New Jersey, 1999-2002. Civil Litigation; Health Care Issues, Long Term Care and Guardianship Law.

**JASON E. MACIAS**, born Bronx, New York, November 23, 1978.  Admitted to bar, 2005, New Jersey and United States District Court for the District of New Jersey.  Education: Cornell University (B.S. in Policy Analysis and Management 2000); Rutgers School of Law - Newark (J.D. 2005).  Class Actions; Civil Litigation; Commercial Litigation; Criminal Law; Public Entity and Administrative Law.

**SUSANA CRUZ HODGE**, born Belleville, New Jersey, February 17, 1979.  Admitted to bar, 2006, New Jersey.  Education: Boston College (B.A. in Sociology 2001); Boston College Law School (J.D. 2005). Law Clerk to Hon. Thomas LaConte, Superior Court of New Jersey, Passaic County.  Adjunct Professor of Legal Writing at Seton Hall University Law School. Class Actions; Civil Litigation; Commercial Litigation; Criminal Law; Public Entity and Administrative Law.

**MAYLING C. BLANCO**, born Havana, Cuba, November 5, 1978. Admitted to bar, 2007, New Jersey and United States District Court for the District of New Jersey. Education:

Cornell University (B.A. in Philosophy 2000); Seton Hall University School of Law (J.D. 2007). Law Clerk, Hon. Mathias E. Rodriguez, Superior Court of New Jersey, Law Division, Civil Part, Middlesex County, 2006-2007. Civil Litigation; Public Entity Law; Commercial Litigation; Class Actions.


**MICHAEL R. ROSAS,** born Brooklyn, New York, December 28, 1983.  Admitted to bar, 2009, New Jersey.  Education: John Jay College-City University of New York (B.A. in Criminal Justice 2005); Rutgers Business School—Newark (M.B.A. 2009); Rutgers School of Law—Newark (J.D. 2009).  Civil Litigation; Public Entity Law; Commercial Litigation; Criminal Law.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————— x

IN RE SAMSUNG DLP TELEVISION CLASS   :
ACTION LITIGATION

                                            :   Civil Action No. 07-2141 (GEB)(MCA)

                                            :

THIS DOCUMENT RELATES TO:            :

                                            :

ALL ACTIONS                            :

                                            :

                                            :

———————————————————— x

DECLARATION OF JEFFREY A. KONCIUS IN SUPPORT OF
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

I, Jeffrey A. Koncius, declare as follows:

       1.     I am a member of the law firm of Lange & Koncius, LLP. I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

       2.     My firm acted as counsel for the Class in the capacity of a member of the Plaintiffs' Counsel Executive Committee and was actively involved in all proceedings had herein. My firm's work in this matter included pre-filing investigation and research, drafting and filing of the operative pleadings, opposing dispositive motions filed by defendants, propounding written discovery and responding to it, drafting deposition notices, defending a plaintiff deposition and preparing for depositions of defendants' employees, interviewing potential witnesses, traveling to Washington, D.C., New York and New Jersey multiple times to conduct settlement negotiations, confer with co-counsel, mediations and appear in Court, drafting and service of third party subpoenas,

setting up a web site, communicating with expert witnesses, reviewing documents, preparation and revision of all documents filed with the Court relating to the settlement, and communicating with members of the Class before and after the proposed settlement was reached about their experience with the televisions at issue and the proposed settlement. It is respectfully submitted that this work contributed to the excellent result reached herein.

3.     The schedule attached as Exhibit "1" is a detailed summary indicating the amount of time spent by the attorneys of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4.     The hourly rates for the attorneys in my firm included in Exhibit "1" are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other class action litigation.

5.     The total number of hours expended on this litigation by my firm is 757.25 hours. The total lodestar for my firm is $377,351.25.

6.     My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.     As detailed in Exhibit "1" my firm has incurred a total of $5,766.19 in un-reimbursed expenses in connection with the prosecution of this litigation, again not including some expenses to be incurred after the date of this declaration.

8.     The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. These expenses were reasonable and necessary to achieve the successful result reached in this case.

9.     With respect to the standing of counsel in this case, attached as Exhibit "2" is a copy of our firm resume.

The above is true to my personal knowledge and if called to do so I could and would testify competently thereto.  I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

August 1, 2010

Rancho Palos Verdes, CA 90275

JEFFREY A. KONCIUS

# EXHIBIT 1

# Lange & Koncius, LLP
## In Re Samsung DLP Television Class Action Litigation
Fee and Expense Report
August 1, 2010

### Lawyers

| Lawyer | Hours | Hourly Rate | Lodestar Value |
|--------|-------|-------------|----------------|
| Joseph J.M. Lange | 60.30 | $525.00 | $ 31,657.50 |
| Jeffrey A. Koncius | 674.70 | $500.00 | $ 337,350.00 |
| Kristal Bowman-Carter | 22.25 | $375.00 | $ 8,343.75 |
| **Total Lodestar** | **757.25** | | **$ 377,351.25** |

### Expenses

| Item | Amount |
|------|--------|
| Expert fees | $ 1,000.00 |
| Meals, Hotel Accommodations, Transportation | $ 3,680.93 |
| Postage, Messengers, Courier Service, Lawyer's Service | $ 20.30 |
| Website Fees | $ 1,064.96 |
| **Total Expenses** | **$ 5,766.19** |

# EXHIBIT 2

# LANGE & KONCIUS, LLP

## FIRM RESUME

The firm, which is AV-rated and listed in the "Bar Register of Preeminent Lawyers," specializes in the trial and appellate practice of civil litigation in Federal and State Courts emphasizing consumer class actions, commercial, professional negligence, elder abuse, insurance bad faith, employment and personal injury matters. The firm has represented many individual plaintiffs whose cases were resolved for amounts exceeding $1 million. In the class action arena, the firm has served as counsel in the following matters:

*Tully v. AT&T Communications of California, Inc.*, Superior Court of California, Los Angeles County. California statewide class action alleging overcharging and improper collection of fees by telecommunication carrier. The settlement approved by the Court created a fund of $4.3 million to be returned to the Class of more than 318,000 low income consumers which represented the amounts that they were overcharged plus interest. The firm served as co-lead counsel for the class.

*In re LG/Zenith Rear Projection Television Class Action Litigation*, United States District Court, District of New Jersey. Nationwide consolidated class action representing tens of thousands of consumers alleging that televisions were sold to the public with defective components resulting in discoloration of the picture. Settlement approved that provided for refunds and repairs valued at tens of millions of dollars. The firm served on the executive committee.

*In re Sony SXRD Rear Projection Television Class Action Litigation*, United States District Court, Southern District of New York. Nationwide class action brought on behalf of hundreds of thousands of consumers alleging that the televisions were sold with an inherent defect which caused color anomalies to be displayed across their screens. In approving the settlement, the Court noted that the settlement terms provided a "comprehensive remedy to class members". The firm served as co-lead counsel for the class.

*Friedman v. Samsung Electronics America* and *Summer v. Toshiba America Consumer Products, Inc.*, Superior Court of New Jersey, and *Messick v. Pioneer Electronics, USA, Inc.*, Superior Court of California, Los Angeles County. Three separate nationwide class actions brought on behalf of millions of consumers alleging that Samsung, Toshiba and Pioneer DVD players contained inherent defects rendering them incompatible with the DVD Video specification and unable to properly play DVD Video discs. The settlements approved by the Courts were valued at more than $100 million.

*Maish v. Criterion Catalysts Company*, Superior Court of California, Los Angeles County. Class of more than 100 workers certified asserting wage and hour claims. Settlement for back wages and interest negotiated and approved by the Court. The firm served as lead counsel for the class.

*Weber v. Saint John's Health Center*, United States District Court, Central District of California. A nationwide class action was certified on behalf of more than 11,000 class members alleging violations of the federal Fair Debt Collection Practices Act. A monetary settlement was negotiated and approved by the Court. The firm served as co-lead counsel for the class.

*Shimada v. Dun & Bradstreet, Inc.*, United States District Court, Central District of California. A nationwide class action was certified on behalf of more than 51,000 class members alleging illegal collection practices and violations of the Fair Debt Collection Practices Act. Despite negative precedent in the same Circuit, a monetary settlement, in addition to injunctive relief, was negotiated and approved by the Court. The firm served as co-lead counsel for the class.

*Duronslet v. Transworld Systems, Inc.*, United States District Court, Central District of California. A nationwide class of 1.5 million consumers was certified against a debt collection company for their illegal practices. A monetary settlement, in addition to injunctive relief, was negotiated and approved by the Court. The firm served as co-lead counsel for the class.

*Fisk v. Cedars Sinai Medical Center*, Superior Court of California, Los Angeles County. Class of more than 35,000 consumers asserting that health care providers and professional copying services overcharged for the copying of medical records in violation of California Evidence Code section 1158. A monetary settlement was negotiated and approved by the Court. The firm served as lead counsel for the class.

Other consumer class actions in which the firm is one of the lead counsel that are now pending: In the Superior Court of California, Los Angeles County, include *Knight v. Kaiser Foundation Hospitals, Nelson v. Little Company of Mary Hospital*, and *Van v. The Regents of the University of California* seeking damages against medical providers for overcharging consumers for copies of their medical records. In the United States District Court, Central District of California, *Winter v. Washington Mutual Bank*, alleging miscalculation of interest on commercial mortgages, *Ramsey v. Prime Healthcare Services, Inc.*, alleging violations of the Fair Debt Collection Practices Act by hospital in its collection practices, *Bolger v. Washington Mutual Bank*, seeking damages as a result of wrongful collection practices, *Gaines v. Home Loan Center, Inc.*, seeking damages for misrepresentations on mortgage transactions and *Fink v. NBTY, Inc.*, seeking damages for misrepresentations in sales of generic "Airborne". In the United States District Court, Southern District of California, *In re Hitachi Television Optical Block Cases*, seeking damages from consumer electronics company for allegedly defective televisions. In the United States District Court, District of New Jersey, *In re Samsung DLP Television Class Action Litigation*, seeking damages from consumer electronics manufacturers relating to television displays.

The firm is comprised of two members. Joseph J.M. Lange has been admitted to practice law in California since 1987, is listed in "Who's Who in American Law" and is AV-rated. Jeffrey A. Koncius has been admitted to practice law in California and New York since 1997 and in New Jersey since 1995. Their reported cases are *Loeffler v. Target Corp.*, 93 Cal. Rptr. 3d 515, *review granted*, 216 P.3d 520 (2009), *Olmstead v. Pioneer Electronics (USA) Inc.*, 40 Cal. 4th 360 (2007), *Bush v. Cheaptickets, Inc.*, 425 F.3d 683 (9th Cir. 2005), *Morohoshi v. Pacific Home*, 34 Cal. 4th 482 (2004), *Bird, Marella, Boxer & Wolpert v. Superior Court*, 106 Cal. App. 4th 419 (2003), and *Villa Pacific Building Company v. Superior Court*, 223 Cal. App. 328 (1991).

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————— x
                                                     :
IN RE SAMSUNG DLP TELEVISION CLASS    :
ACTION LITIGATION                                :
                                                     :    Civil Action No. 07-2141 (GEB)(MCA)
                                                     :
                                                     :
THIS DOCUMENT RELATES TO:           :
                                                     :
                                                     :
ALL ACTIONS                                     :
                                                     :
                                                     :
                                                     :
———————————————————— x

**DECLARATION OF DANIEL E. SOBELSOHN IN SUPPORT OF**
**APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND**
**REIMBURSEMENT OF EXPENSES**

I, Daniel E. Sobelsohn, declare as follows:

1.    I am a member of The Sobelsohn Law Firm.  I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2.    My firm acted as counsel for the Class in the capacity of a member of the Plaintiffs' Counsel Executive Committee and was actively involved in all proceedings had herein.  My firm's work in this matter focused on the pleadings, ensuring that Samsung preserved relevant documents and things, including the defective televisions returned for repair, preparing written discovery served on Samsung, subpoenaing documents from third parties, discussing the settlement with Rob Lax, lead counsel, and reviewing and commenting on the settlement papers.  It is respectfully submitted that this work contributed to the excellent result reached herein.

3.     The schedule attached as Exhibit "1" is a detailed summary indicating the amount of time spent by the attorneys of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4.     The hourly rates for the attorneys in my firm included in Exhibit "1" are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other class action litigation.

5.     The total number of hours expended on this litigation by my firm is 56.7 hours. The total lodestar for my firm is $ 34,870.50.

6.     My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.     As detailed in Exhibit "1" my firm has incurred a total of $100 in un-reimbursed expenses in connection with the prosecution of this litigation for purposes of serving subpoenas.

8.     The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. These expenses were reasonable and necessary to achieve the successful result reached in this case.

9.     With respect to the standing of counsel in this case, attached as Exhibit "2" is a copy of our firm resume.

The above is true to my personal knowledge and if called to do so I could and would testify competently thereto.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed this 2nd day of August 2010 at Los Angeles, California.

Daniel E. Sobelsohn

# EXHIBIT 1

The Sobelsohn Law Firm
In Re Samsung DLP Television Class Action Litigation
Fee and Expense Report
July 31, 2010

### Lawyers

| Lawyer | Total Hours | Hourly Rate | Lodestar to Date |
|---|---|---|---|
| Daniel E. Sobelsohn | 56.7 | $615 | $34,870.50 |
| | | | |
| | | | |
| **Total Lodestar** | | | $34,870.50 |

### Expenses

| Item | Amount |
|---|---|
| | |
| Reproduction, Printing, and Telefax | |
| Long Distance Telephone | |
| Meals, Hotel Accommodations, Transportation | |
| Postage, Messengers, Courier Service, Lawyer's Service | $100 |
| On-line Research | |
| Translator Fees | |
| **Total Expenses** | $100 |

# EXHIBIT 2

# The Sobelsohn Law Firm

1901 Avenue of the Stars
2nd Floor
Los Angeles, California 90067
telephone (310) 461-1332
facsimile (310) 861-5205

**Firm Resume**

The Sobelsohn Law Firm practices exclusively in the area of complex commercial litigation, including class action and derivative suits in state and federal courts. Daniel E. Sobelsohn, the founder of the firm, is a graduate of Columbia College (B.A. 1992) and Columbia Law School (J.D. 1995), and was formerly associated with Sullivan & Cromwell LLP (1996-2000) and Skadden, Arps, Slate, Meagher & Flom LLP (2000-2003), two of the nation's preeminent law firms. Mr. Sobelsohn was named a "Super Lawyer-Rising Star" in 2006 and again in 2007 by *Super Lawyer Magazine*, which is a designation given to the top attorneys in California under the age of 40, as determined by a confidential survey of other members of the bar. All of the attorneys associated with the Sobelsohn Law Firm are experienced litigators.

Mr. Sobelsohn has ten years of experience handling complex and high profile cases, including numerous antitrust, securities fraud, and intellectual property matters. In addition to representing defendants in high profile "bet the company" cases, the firm also has an active practice representing plaintiffs in class actions asserting antitrust, consumer fraud, defective product, and unfair business practices claims.

**Daniel E. Sobelsohn** received a B.A. in History from Columbia College in 1992, and graduated in 1995 from Columbia Law School, where he was a member of the Business Law Review and Moot Court Board.

Mr. Sobelsohn is admitted to practice in California, the District of Columbia, and New York. Mr. Sobelsohn is also admitted to practice before the United States Supreme Court and various federal appellate and trial courts.

Mr. Sobelsohn was formerly associated with Sullivan & Cromwell LLP (1996-2000) and Skadden, Arps, Slate, Meagher & Flom LLP (2000-2003). Mr. Sobelsohn's practice focuses on complex commercial litigation, including representing plaintiffs in class action cases.

Several cases Mr. Sobelsohn handled resulted in published decisions: *In re Fresh Del Monte Pineapple Antitrust Litigation*, 2007 U.S. Dist. LEXIS 1372 (S.D.N.Y. Jan. 4, 2007); *Kingray v. National Basketball Association*, 188 F. Supp.2d 1177 (S.D. Cal. 2002); *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881 (2d Dist. 2000).

Some representative matters Mr. Sobelsohn handled include:

**_Class Actions, Securities Fraud, and Shareholder Derivative Suits_**

_Chieftain v. Inamed_
(successfully defended a shareholder derivative action challenging certain corporate transactions)

_In re Diana Corporation Securities Litigation_
(defended a securities fraud class action brought against a company that had to restate earnings for several quarters)

_Kingray v. National Basketball Association_
(obtained the dismissal of an antitrust class action challenging the terms of telecast licenses between the National Basketball Association and various cable and satellite providers)

_In re McAfee.com Shareholder Litigation_
(represented the target company and its board in a class action in Delaware Chancery Court to block a purportedly inadequate takeover bid)

_In re PHP Healthcare Securities Litigation_
(defended an officer of a healthcare company that was alleged to have improperly booked certain revenues)

_In re Pineapples Antitrust Litigation_
(class action concerning a conspiracy to monopolize the extra sweet pineapple market)

_In re Radica Games Securities Litigation_
(obtained the dismissal on summary judgment of a securities fraud class action premised on alleged misstatements regarding the timing of the introduction of certain new products)

_Rockhold v. National Community Foundation_
(class action against a public charity by donors seeking to rescind their gifts)

_Sanford v. Memberworks_
(class action challenging the sales practices of a telemarketer)

**_Non-Class Action Antitrust Litigation_**

_Borelli v. Spieker Properties_
(antitrust action alleging a conspiracy to monopolize a purported market for office space near the San Jose Airport)

*Brown v. National Football League*
(antitrust action challenging intellectual property licensing practices of the National
Football League)

**Intellectual Property Litigation**

*Fluke v. Wavetek*
(expedited trial in a trade dress infringement action concerning the design of certain
tools used by electricians)

*Ligustica v. Cytec Industries*
(action for breach of a license and development agreement for a new type of
composite material used to make boat hulls)

*National Football League Properties v. Brown*
(trademark infringement, dilution, and counterfeiting action)

*Rodime v. Seagate*
(patent infringement action concerning certain design features of 3.5 inch hard disks)

***General Commercial Litigation and Bankruptcy***

*Image v. Polygram*
(action alleging breach of a license and distribution agreement for the video release of
certain movies)

*Lectrodryer v. SeoulBank*
(unjust enrichment claim premised upon a failure by a bank to make payment on a
letter of credit)

*NRG v. Jelin*
(expedited trial in Delaware Chancery Court to enforce a stock purchase agreement)

*In re Standard Brands Paints Bankruptcy*
(represented the majority shareholder and largest creditor)

*In re WorldCom Bankruptcy*
(adversary proceeding concerning a claim for rejection damages by a distributor of
wireless phone service)

*Inxport v. Mid-Century Insurance Co.*
(insurance coverage and bad faith action)

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— x

IN RE SAMSUNG DLP TELEVISION CLASS
ACTION LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 07-2141 (GEB)(MCA)

### DECLARATION OF JON M. HERSKOWITZ IN SUPPORT OF
### APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND
### REIMBURSEMENT OF EXPENSES

I, Jon M. Herskowitz, Esq., declare as follows:

1.     I am a member of the law firm of Baron & Herskowitz.  I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2.     My firm acted as counsel for the Class in the capacity of a member of the Plaintiffs' Counsel Executive Committee and was actively involved in all proceedings had herein.  My firm's work in this matter included research, contact with class plaintiffs, drafting and editing pleadings.  It is respectfully submitted that this work contributed to the excellent result reached herein.

3.     The schedule attached as Exhibit "1" is a detailed summary indicating the amount of time spent by the attorneys of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.  The schedule was

prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4.      The hourly rates for the attorneys in my firm included in Exhibit "1" are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other class action litigation.

5.      The total number of hours expended on this litigation by my firm is eight (8) hours.  The total lodestar for my firm is $4,400.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit "1" my firm has incurred a total of $232.50 in un-reimbursed expenses in connection with the prosecution of this litigation, again not including some expenses to be incurred after the date of this declaration.

8.      The expenses incurred in this action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.  These expenses were reasonable and necessary to achieve the successful result reached in this case.

9.      With respect to the standing of counsel in this case, attached as Exhibit "2" is a copy of our firm resume.

The above is true to my personal knowledge and if called to do so I could and would testify competently thereto.  I declare under penalty of perjury under the laws of the State of Florida and the United States of America that the above is true and correct.

August 2nd, 2010

_____
Jon M. Herskowitz, Esq.

# EXHIBIT 1

**BARON & HERSKOWITZ**
**In Re Samsung DLP Television Class Action Litigation**
**Fee and Expense Report**
**August 2, 2010**

### Lawyers

| Lawyer | Total Hours | Hourly Rate | Lodestar to Date |
|---|---|---|---|
| Jon M. Herskowitz | 8 | $550.00 | $4,400.00 |
|  |  |  |  |
|  |  |  |  |
| **Total Lodestar** |  |  |  |

### Expenses

| Item | Amount |
|---|---|
|  |  |
| Reproduction, Printing, and Telefax |  |
| Long Distance Telephone |  |
| Meals, Hotel Accommodations, Transportation |  |
| Postage, Messengers, Courier Service, Lawyer's Service |  |
| On-line Research | $232.50 |
| Translator Fees |  |
| **Total Expenses** | $232.50 |
|  |  |

# EXHIBIT 2

# Baron & Herskowitz

**9100 South Dadeland Blvd.**
**One Datran Center**
**Penthouse One, Suite 1704**
**Miami, Florida 33156**
**Telephone (305) 670-0101**
**Facsimile (305) 670-2393**
**www.bhfloridalaw.com**

The Firm, is AV-Rated and specializes in the trial of civil litigation matters in Federal and State Courts emphasizing consumer class actions, professional negligence, civil rights, and personal injury matters. The firm has served as lead counsel and co-counsel representing Plaintiffs in recent class actions. The Firm has successfully handled many class actions in which settlement was only achieved after the Court granted Plaintiff's Motions for Class Certification and/or Summary Judgment. The Firm is experienced in class actions involving different areas of law and in different States, such as consumer/warranty violations; employment discrimination; Unfair and Deceptive Trade Practices; violations of the FDCPA; and violations of County Ordinances involving short term disability. The following is some of the Firm's recent successes:

In Re: LG/Zenith Rear Projection Television Class Action Litigation (originally Macri v. LG Electronics et al., a consumer defect class action filed in the United States District Court in New Jersey brought on behalf of tens of thousands of consumers alleged an inherent defect in widely advertised televisions and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court.

Michael Cook v. Sony Electronics et al., a consumer defect class action filed in the Southern District of New York brought on behalf of over 75,000 consumers alleged an inherent defect in widely advertised televisions and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court.

Mark Risi and Terry Hollis v. Pioneer Electronics (USA) Inc., a consumer defect class action filed in Los Angeles, California; West Palm Beach, Florida brought on behalf of over 15,000 consumers alleged an inherent defect and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court which value exceeded $15,000,000.

Dishkin v. Tire Kingdom, a class action filed against Tire Kingdom for violating several false advertising statutes in charging a shop fee. Judge Thomas Wilson in the Eleventh Judicial Circuit in Miami-Dade County granted Plaintiffs' Motions for Class Certification and Summary Judgment which are currently pending in Third District Court of Appeals.

Toister v. Alegis Corp., Fair Debt Collection Practices Act ("FDCPA") class action in which there were thousands of customers significantly affected by a computer error. A monetary settlement was negotiated and approved by the Court.

Soper et al. v. Wyndham Hotels, Filed in multiple jurisdictions (pre-CAFA); Madison County, Illinois, Miami-Dade County, Florida, and San Diego, California. Brought on behalf of thousands of consumers alleging that Wyndham misrepresented an "energy crisis" and fraudulently charged consumers an "energy surcharge." A monetary settlement was negotiated and approved by the Court.

Kenneth Fischer, M.D. et al. v. Foundation Health, Eleventh Judicial Circuit of Miami-Dade County, Florida. A statewide class action brought on behalf of thousands of Florida physicians alleging that Foundation Health failed to promptly and appropriately pay physicians' bills for services rendered to patients. Plaintiffs' Motion for Class Certification was granted after a five day evidentiary hearing. A monetary settlement was negotiated and approved by the Court.

Feheley v. LAI Games Sales, Inc. et al., a multi-state class action filed in the United States District Court - Southern District of Florida alleging violations of a gaming/video machine sold and played in many states. The Plaintiff alleged multi-state violations of UDAP Statutes, Breach of Implied and Express Warranties, and Unjust Enrichment. A settlement was negotiated.

LaPlanche et al. v. Foot Locker, Eleventh Judicial Circuit of Miami-Dade County, Florida. A nationwide class action brought on behalf of African American Managerial employees alleging discrimination based on Race. A monetary settlement was negotiated and approved by the Court.

Friedman v. Samsung Electronics America and Summer v. Toshiba American Consumer Products Inc. - Superior Court of New Jersey. A nationwide class action on behalf of millions of consumers alleging that Samsung and Toshiba DVD players contained inherent defects rendering them incompatible with the DVD video specification and unable to properly play DVD video discs. The settlements approved by the Court were valued at over $100 Million Dollars.

James Hutton, et al. v. Miami-Dade County, Eleventh Judicial Circuit of Miami-Dade County, Florida. A county-wide class action for retaliation against employees for exercising their Worker's Compensation rights under Florida law. Plaintiffs' Motions for Class Certification and Summary Judgment were granted. The case was settled after the Court and all class members were provided 100% of all lost wages.

Covington v. AriZona Beverage Company et al., an action alleging that Defendants' marketing, labeling, advertising, promotion, and sales of certain "AriZona" brand beverages are unfairly misleading, inaccurate, deceptive and/or unlawful. The action is filed in the United States District Court - Southern District of Florida. The case is currently pending.

Smart et al. v. Sony Corporation of America et al., a consumer defect class action filed in the United States District Court, Southern District of California brought on behalf of thousands of consumers alleging an inherent defect in the Optical Block of the television widely advertised televisions and the failure to provide an appropriate remedy. The Plaintiffs have alleged violations of the California Business Code, the Song Beverly Consumer Warranty Act, and the Magnuson-Moss Act. The case is currently pending.

The firm consists of two main partners, three of-counsel attorneys, and an experienced and thoroughly professional support staff.

# Baron & Herskowitz

**9100 South Dadeland Blvd.**
**One Datran Center**
**Penthouse One, Suite 1704**
**Miami, Florida 33156**
**Telephone (305) 670-0101**
**Facsimile (305) 670-2393**
**www.bhfloridalaw.com**

The Firm, is AV-Rated and specializes in the trial of civil litigation matters in Federal and State Courts emphasizing consumer class actions, professional negligence, civil rights, and personal injury matters. The firm has served as lead counsel and co-counsel representing Plaintiffs in recent class actions. The Firm has successfully handled many class actions in which settlement was only achieved after the Court granted Plaintiff's Motions for Class Certification and/or Summary Judgment. The Firm is experienced in class actions involving different areas of law and in different States, such as consumer/warranty violations; employment discrimination; Unfair and Deceptive Trade Practices; violations of the FDCPA; and violations of County Ordinances involving short term disability. The following is some of the Firm's recent successes:

In Re: LG/Zenith Rear Projection Television Class Action Litigation (originally Macri v. LG Electronics et al., a consumer defect class action filed in the United States District Court in New Jersey brought on behalf of tens of thousands of consumers alleged an inherent defect in widely advertised televisions and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court.

Michael Cook v. Sony Electronics et al., a consumer defect class action filed in the Southern District of New York brought on behalf of over 75,000 consumers alleged an inherent defect in widely advertised televisions and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court.

Mark Risi and Terry Hollis v. Pioneer Electronics (USA) Inc., a consumer defect class action filed in Los Angeles, California; West Palm Beach, Florida brought on behalf of over 15,000 consumers alleged an inherent defect and the failure to provide an appropriate remedy. A monetary settlement was negotiated and approved by the Court which value exceeded $15,000,000.

Dishkin v. Tire Kingdom, a class action filed against Tire Kingdom for violating several false advertising statutes in charging a shop fee. Judge Thomas Wilson in the Eleventh Judicial Circuit in Miami-Dade County granted Plaintiffs' Motions for Class Certification and Summary Judgment which are currently pending in Third District Court of Appeals.

Toister v. Alegis Corp., Fair Debt Collection Practices Act ("FDCPA") class action in which there were thousands of customers significantly affected by a computer error. A monetary settlement was negotiated and approved by the Court.

Soper et al. v. Wyndham Hotels, Filed in multiple jurisdictions (pre-CAFA); Madison County, Illinois, Miami-Dade County, Florida, and San Diego, California. Brought on behalf of thousands of consumers alleging that Wyndham misrepresented an "energy crisis" and fraudulently charged consumers an "energy surcharge." A monetary settlement was negotiated and approved by the Court.

Kenneth Fischer, M.D. et al. v. Foundation Health, Eleventh Judicial Circuit of Miami-Dade County, Florida. A statewide class action brought on behalf of thousands of Florida physicians alleging that Foundation Health failed to promptly and appropriately pay physicians' bills for services rendered to patients. Plaintiffs' Motion for Class Certification was granted after a five day evidentiary hearing. A monetary settlement was negotiated and approved by the Court.

Feheley v. LAI Games Sales, Inc. et al., a multi-state class action filed in the United States District Court - Southern District of Florida alleging violations of a gaming/video machine sold and played in many states. The Plaintiff alleged multi-state violations of UDAP Statutes, Breach of Implied and Express Warranties, and Unjust Enrichment. A settlement was negotiated.

LaPlanche et al. v. Foot Locker, Eleventh Judicial Circuit of Miami-Dade County, Florida. A nationwide class action brought on behalf of African American Managerial employees alleging discrimination based on Race. A monetary settlement was negotiated and approved by the Court.

Friedman v. Samsung Electronics America and Summer v. Toshiba American Consumer Products Inc. - Superior Court of New Jersey. A nationwide class action on behalf of millions of consumers alleging that Samsung and Toshiba DVD players contained inherent defects rendering them incompatible with the DVD video specification and unable to properly play DVD video discs. The settlements approved by the Court were valued at over $100 Million Dollars.

James Hutton, et al. v. Miami-Dade County, Eleventh Judicial Circuit of Miami-Dade County, Florida. A county-wide class action for retaliation against employees for exercising their Worker's Compensation rights under Florida law. Plaintiffs' Motions for Class Certification and Summary Judgment were granted. The case was settled after the Court and all class members were provided 100% of all lost wages.

Covington v. AriZona Beverage Company et al., an action alleging that Defendants' marketing, labeling, advertising, promotion, and sales of certain "AriZona" brand beverages are unfairly misleading, inaccurate, deceptive and/or unlawful. The action is filed in the United States District Court - Southern District of Florida. The case is currently pending.

Smart et al. v. Sony Corporation of America et al., a consumer defect class action filed in the United States District Court, Southern District of California brought on behalf of thousands of consumers alleging an inherent defect in the Optical Block of the television widely advertised televisions and the failure to provide an appropriate remedy. The Plaintiffs have alleged violations of the California Business Code, the Song Beverly Consumer Warranty Act, and the Magnuson-Moss Act. The case is currently pending.

The firm consists of two main partners, three of-counsel attorneys, and an experienced and thoroughly professional support staff.

# EXHIBIT II

243272 v1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————————— x
            :
IN RE SAMSUNG DLP TELEVISION CLASS :  Honorable Madeleine C. Arleo, U.S.M.J.
ACTION LITIGATION         :
            :  Civil Action No. 07 CV 2141 (JAG)(MCA)
            :
THIS DOCUMENT RELATES TO:    :
            :  **FINAL ORDER AND JUDGMENT**
ALL ACTIONS         :
            :
            :
———————————————————————— x

    This matter having come before the Honorable Madeleine Cox Arleo for

hearing on _____, 2010, pursuant to the Order of this Court, dated May ____, 2010

2010 (the "Preliminary Approval Order"), preliminarily approving the settlement set forth in

the Stipulation and Agreement of Compromise and Settlement dated April 22, 2010 (the

"Agreement," attached to the Preliminary Approval Order as Exhibit 1); and it appearing that

due and adequate notice has been given to the Settlement Class substantially in the form

approved by the Court; and the Court having considered all papers filed and proceedings had

herein and otherwise being fully informed in the premises; and good cause appearing for

the making and granting of this Judgment; on application of the parties for final approval of

the Agreement,

    It is on this ___ day of _____, 2010, HEREBY ORDERED,

ADJUDGED AND DECREED AS FOLLOWS:

235430 v1            1

1.     All capitalized terms not otherwise defined herein shall have the meanings set forth in the Agreement.

2.     This Court has jurisdiction over the subject matter of this action (the "Litigation") and over all parties to the Litigation, including all members of the Settlement Class.

3.     Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for purposes of effectuating this settlement only, a Settlement Class of all end-user consumers in the United States who, prior to the date of the Agreement (the "Class Period"), purchased or received as gifts any of the following models of Samsung DLP televisions:  HL-P Series (all models), HL-R Series (all models), HL-S Series (all models) and HL-T Series (models 4675SX/XAA, 5055S, 5055WX/XAA, 5075SX/XAA, 5675SX/XAA, 5076SX/XAA, 5676SX/XAA, 6156S, 6156WX/XAA, 6176SX/XAA, 6756WX/XAA, and 7288WX/XAA) (the "Televisions"). Excluded from membership in the Class are the following: (a) Samsung or its affiliates, including Samsung employees and immediate family members; (b) retailers, wholesalers and other middlemen who purchased a Television for commercial use or resale; (c) any claims aggregators or person or entity who claims to be an assignee of rights associated with any of the Televisions; and (d) persons who timely and validly opt to exclude themselves from the Settlement Class.

4.     The notice given to the Settlement Class, as set forth in the Preliminary Approval Order, was the best notice practicable under the circumstances and fully satisfied the requirements of Fed. R. Civ. P. 23, due process of law and any other applicable law.

5.     With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class

members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Settlement Class; (d) the class representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

6.    The Court does hereby approve the Agreement and the settlement set forth therein and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, and the parties are hereby directed to consummate the settlement in accordance with the terms of the Agreement.

7.    The individuals listed on Exhibit "A" attached hereto have filed a written request to be excluded from the settlement and have therefore opted out.

8.    The Plaintiffs and each of the Settlement Class members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Released Parties.

9.    All Settlement Class members are forever barred and enjoined, whether acting directly, representatively, derivatively or in any other capacity, from commencing, prosecuting, or participating in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

10.    Pursuant to the Agreement, Samsung has agreed to pay Class Counsel up to $950,000 in attorneys' fees and expenses, subject to Court approval. Samsung is ordered to pay the sum of $ _____ as attorneys' fees and expenses to Class Counsel, which

the Court finds to be fair and reasonable, in accordance with and subject to the terms and conditions of the Agreement.

11.   Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Samsung or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Samsung or the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Samsung or the Released Parties may file the Agreement and/or this Judgment in any action that has been or may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing and administering the Agreement, including the administration, interpretation, effectuation and enforcement of this Judgment.

13.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

14.   In the event that the settlement does not become Final in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15.    The Court hereby dismisses the Litigation with prejudice, and without costs for or against any party except as otherwise provided in this Judgment.

_____
Madeline Cox Arleo, U.S.M.J.