UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------- x
:
IN RE SAMSUNG DLP TELEVISION CLASS : Honorable Madeleine C. Arleo, U.S.M.J.
ACTION LITIGATION :
: Civil Action No. 07 CV 2141 (JAG)(MCA)
:
THIS DOCUMENT RELATES TO: :
: **FINAL ORDER AND JUDGMENT**
ALL ACTIONS :
:
:
:
---------------------------------------------------------- x

This matter having come before the Honorable Madeleine Cox Arleo for hearing on Aug 4, 2010, pursuant to the Order of this Court, dated May 20, 2010 2010 (the "Preliminary Approval Order"), preliminarily approving the settlement set forth in the Stipulation and Agreement of Compromise and Settlement dated April 22, 2010 (the "Agreement," attached to the Preliminary Approval Order as Exhibit 1); and it appearing that due and adequate notice has been given to the Settlement Class substantially in the form approved by the Court; and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises; and good cause appearing for the making and granting of this Judgment; on application of the parties for final approval of the Agreement,

It is on this 4 day of Aug, 2010, HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

235430 v1                                    1

1. All capitalized terms not otherwise defined herein shall have the meanings set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this action (the "Litigation") and over all parties to the Litigation, including all members of the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for purposes of effectuating this settlement only, a Settlement Class of all end-user consumers in the United States who, prior to the date of the Agreement (the "Class Period"), purchased or received as gifts any of the following models of Samsung DLP televisions: HL-P Series (all models), HL-R Series (all models), HL-S Series (all models) and HL-T Series (models 4675SX/XAA, 5055S, 5055WX/XAA, 5075SX/XAA, 5675SX/XAA, 5076SX/XAA, 5676SX/XAA, 6156S, 6156WX/XAA, 6176SX/XAA, 6756WX/XAA, and 7288WX/XAA) (the "Televisions"). Excluded from membership in the Class are the following: (a) Samsung or its affiliates, including Samsung employees and immediate family members; (b) retailers, wholesalers and other middlemen who purchased a Television for commercial use or resale; (c) any claims aggregators or person or entity who claims to be an assignee of rights associated with any of the Televisions; and (d) persons who timely and validly opt to exclude themselves from the Settlement Class.

4. The notice given to the Settlement Class, as set forth in the Preliminary Approval Order, was the best notice practicable under the circumstances and fully satisfied the requirements of Fed. R. Civ. P. 23, due process of law and any other applicable law.

5. With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class

members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Settlement Class; (d) the class representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

6. The Court does hereby approve the Agreement and the settlement set forth therein and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, and the parties are hereby directed to consummate the settlement in accordance with the terms of the Agreement.

7. The individuals listed on Exhibit "A" attached hereto have filed a written request to be excluded from the settlement and have therefore opted out.

8. The Plaintiffs and each of the Settlement Class members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Released Parties.

9. All Settlement Class members are forever barred and enjoined, whether acting directly, representatively, derivatively or in any other capacity, from commencing, prosecuting, or participating in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

10. Pursuant to the Agreement, Samsung has agreed to pay Class Counsel up to $950,000 in attorneys' fees and expenses, subject to Court approval. Samsung is ordered to pay the sum of $ _950,000_ as attorneys' fees and expenses to Class Counsel, which

the Court finds to be fair and reasonable, in accordance with and subject to the terms and conditions of the Agreement.

11. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Samsung or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Samsung or the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Samsung or the Released Parties may file the Agreement and/or this Judgment in any action that has been or may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing and administering the Agreement, including the administration, interpretation, effectuation and enforcement of this Judgment.

13. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

14. In the event that the settlement does not become Final in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15. The Court hereby dismisses the Litigation with prejudice, and without costs for or against any party except as otherwise provided in this Judgment. *

_____
Madeline Cox Arleo, U.S.M.J.

\* Preservation Order previously entered by the court (Docket # 93) is vacated as of the Settlement Effective Date.

## EXHIBIT A TO FINAL ORDER AND JUDGMENT

The following persons have excluded themselves from the settlement of this matter:

Dorcas S. Luttull
620 Bahama Drive
Hemet, CA  92543

Patricia L. Holland
3325 Dairy Point Drive
High Point, NC  27265

Phyllis Breves
19016 Sycamore Avenue
Patterson, CA  95363

Roberto Luis Ramirez
109 NW Augusta Square
McAllen, TX  78503

Shawn W. Brewer
315 South 6th Street
Manhattan, KS  66502