# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | **MARTIN LUTHER KING COURTHOUSE**<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

August 5, 2010

Bruce Greenberg, Esq.
Lite DePalma Greenberg, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102

Certified Mail/RRR
Jonathan Lee Richies, *pro se*
#40948018
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

Steven Benenson, Esq.
Porzio, Bromberg, & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962

## LETTER ORDER DENYING MOTION TO INTERVENE

  Re: **In re Samsung DLP Television Class Action Litigation**
     **Civil Action No. 07-2141 (GEB) (MCA)**

Dear Counsel and Mr. Richies:

  Before the Court is the motion of Jonathan Lee Richies, *pro se* ("Mr. Richies") to intervene under Fed. R. Civ. P. 24(a) or (b) in the above-referenced class action (Dkt. No. 92). Mr. Richies is presently incarcerated in a federal correctional facility. Plaintiffs and the class in this action oppose Mr. Richies' motion. No oral argument was heard pursuant to Fed. R. Civ. P. 78.

  After considering the arguments in support of and in opposition to the Motion, and for good cause shown, and for the reasons expressed below, Mr. Richie's Motion is **DENIED**.

  Fed. R. Civ. P. 24 (a), governing intervention as of right, provides in relevant part:

> On timely motion, the court must permit anyone to intervene who ...
> (2) claims an interest relating to the property or transaction which is
> the subject of the action, and is so situated that the disposing of the

        action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

    Under Rule 24(b)(1), governing permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, a court must consider whether the permissive intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Additionally, a motion to intervene, whether as of right or permissively, must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

    Here, this Court finds that Mr. Richies has not demonstrated that he is entitled to intervene as of right or permissively in the instant action. Under Rule 24(a)(2), even if Mr. Richies could demonstrate his interest in the subject property matter of this action – that is the Samsung televisions – the Court is not satisfied that Mr. Richie's interest may be impaired if he is not permitted to intervene. Mr. Richies bears the burden of showing that the named plaintiffs, who also have the subject televisions and have shown their adequacy by vigorously litigating this case for more than three years, do not sufficiently represent his interest. See, e.g., Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982) (noting that burden is on the movant). As evidenced by his moving papers, Mr. Richies has not even attempted to make the requisite showing.

    Furthermore, the Court is satisfied that intervention is not timely. Timeliness is determined from all the circumstances surrounding the case and is essentially a test of reasonableness. See NACP v. New York, 413 U.S. 345, 366 (1973). Here, weighing the factors outlined by the Third Circuit for the determination of timeliness, the Court notes that Mr. Richies moved to intervene after the parties reached a preliminary settlement of all claims and less than one month before this Court was scheduled to have a final hearing on the Court's approval of the settlement. Thus, there will be palpable delay and prejudice if Mr. Richies intervened at this late juncture.

    For these same reasons, this Court declines to exercise its discretion to allow Mr. Richies to permissively intervene under Rule 24(b). Indeed, the Court finds that allowing intervention will unduly delay and prejudice the adjudication of the existing parties' rights as a final settlement has been approved by this Court.[1] "[W]here, as here, the interests of the applicant in every manner

---

[1] The Court notes that Mr. Richies is no stranger to litigation. He has apparently filed a multitude of complaints and motions to intervene in various actions pending in several district courts. Indeed, other district courts have found it necessary to enjoin Mr. Richies from filing complaints and/or motions to intervene. See, e.g., In re Richies, 2008 WL 3978059, * 1 (S.D. Ga. Aug. 26, 2008) (denying motion to intervene, enjoining Mr. Richies from filing similar motions in the Southern District of Georgia, and citing other cases wherein judges issued similar relief against Mr. Richies). Such decisions further demonstrate why granting Mr. Richies' motion would cause undue delay and prejudice to the existing parties' rights.

match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contribution to the proceedings would be superfluous and that any resulting delay would be 'undue.'" Hoots, 672 F.2d at 1136 (denying permissive intervention on this ground).

Finally, Mr. Richies has failed to satisfy the notice and pleadings requirement of Rule 24(c). As part of his motion, Mr. Richies submits no proposed pleading and states no grounds for intervention, such as whether he proposes to support, object to, or take no position on the then proposed settlement. Rather, Mr. Richies merely states that he and his companies allegedly own some of the subject televisions. Such an allegation is insufficient to satisfy Rule 24(c). See Waudby v. Verizon Wireless Services, LLC, 248 F.R.D. 173, 175 (D.N.J. 2008). Accordingly, the motion to intervene is denied pursuant to Fed. R. Civ. P. 24(a) and (b).

**SO ORDERED.**

        **s/Madeline Cox Arleo**
        **MADELINE COX ARLEO**
        **United States Magistrate Judge**

cc:    Clerk
       File